Battle, J.
 

 It is a rule of evidence that the defendant, in an indictment for a criminal offense, may offer testimony of his general character, as evidence, from which, if good, á presumption in favor of his innocence may be inferred. Formerly, it was thought that this evidence could not be of any avail, unless the case were a doubtful one; but it is now settled, that the testimony establishing a good character, must be considered by the jury in every case, they giving to it whatever weight they may consider it entitled to under the circumstances;
 
 State
 
 v.
 
 Henry, 5
 
 Jones, 65. Whenever such testimony is given, the prosecuting officer may rebut it, if he can, by introducing testimony to show that the defendant’s character is'bad. The question is now presented, for the first time, in this State, to what time shall the prosecutor’s evidence refer ? to the time of the alleged commission of the offense ? or to that of the trial ? The authorities referred to by the counsel, seem to leave this question somewhat un
 
 *152
 
 settled in the courts of England and of the States,' where it has occurred.
 
 We
 
 think that, upon principle, it ought to be confined to the time when the charge was first made. A different rule will expose the defendant to the great danger of having his character ruined or badly damaged, by the arts of a popular or artful prosecutor, stimulated to activity by the hope of thus making his prosecution successful. Evidence of character is of the nature of hearsay, and the general rule in relation to that kind of testimony is, that it shall not be received if the hearsay be
 
 post litem motam
 
 ; see
 
 Dancy
 
 v.
 
 Sugg,
 
 2 Dev. and Bat. 515; 1 Phil. Ev. chap. 7, sec. 7, page 192. The reason for this is,
 
 “
 
 that no man is presumed to be indifferent in regard to matters in actual controversy ; for when the contest has begun, people, generally,- take part on the one side or the other — their minds are in a ferment, and if they are disposed to speak the truth, facts are seen by them through a false medium. To avoid, therefore, the mis-chiefs, which would otherwise result, all
 
 ex parte
 
 declarations, even though made upon oath, referring to a date subsequent to the beginning of the controversy, are rejected1 Green. Ev. sec. 131. These remarks apply with equal force to evidence of the character of a person after a controversy, involving it, has commenced. Such evidence ought, therefore, to be rejected. The judgment must be reversed and a new trial ordered.
 

 Per Curiam, Judgment reversed.