## PEOPLE v. McSWEENEY.

### No. 21,112; December 31, 1894.

#### 38 Pac. 743.

**Homicide—Character of Defendant.—Where the Question as to** what the witness in a murder case had heard against the defendant was not limited to a period prior to the homicide, it was properly ruled out.[1]

---

[1] Cited in the note in 103 Am. St. Rep. 897, on evidence of good character for the purpose of creating a doubt of defendant's guilt.

**Homicide—Character of Defendant.—Where a Witness in a Murder** case on his direct examination did not testify that he knew the defendant's reputation at any time, and on cross-examination his testimony tended to show that his knowledge of such reputation prior to the homicide·was insufficient to qualify him to testify regarding it, it was not error to refuse to allow him to further testify on the subject on his redirect examination.

APPEAL from Superior Court, San Bernardino County; Campbell, Judge.

U. B. McSweeney was convicted of murder in the first degree, and appeals from the judgment and order denying a new trial. Affirmed.

Byron Waters and A. B. Paris for appellant; Attorney General Hart for the people.

VANCLIEF, C.—The defendant was convicted of the crime of murder in the first degree, and sentenced to imprisonment for life in the state prison, and appeals from the judgment, and from an order denying his motion for a new trial.

The only question presented for decision is whether or not the trial court erred in sustaining the objections of the district attorney to certain questions asked John McFee, a witness for defendant, on his re-examination by defendant's attorney. The record does not show what questions were asked by defendant's attorney on the direct examination, but shows that the witness testified that he was acquainted with the defendant; that he had known defendant for the last four or five years at Holcomb Valley, in San Bernardino county, where the homicide occurred; and that defendant's "general reputation during the past four years, in the vicinity where he has resided, for peace and quietude, has been fair." Upon cross-examination as to his means of knowledge of defendant's character, he said he had not resided at Holcomb Valley prior to the homicide, but resided six or seven miles from there, and went up there only occasionally, and was "somewhat acquainted with the reputation of McSweeney in Holcomb Valley," but that he did not remember whether he had heard defendant's "reputation for peace and quietude discussed in Holcomb Valley at all prior to the shooting."

He further said: "I think I have talked about it—about some of his actions, and that sort of thing." The following re-examination of this witness by defendant's attorney shows the action of the court assigned as error: "Mr. Paris: Q. State whether or not you have heard of his being in any difficulties there, or of a turbulent nature. Have you ever heard anything against him as a man of peace and quiet? Mr. Oster: We object to the question as irrelevant, immaterial, and incompetent. The Court: Sustained. (Defendant then and there duly excepts.) Q. State whether or not you have ever heard, in the neighborhood where you and McSweeney resided for four years, anything against the general peace and quietude of this man McSweeney's character. Mr. Oster: We object to the question as incompetent. The Court: You can answer the question 'Yes' or 'No,' if you can—just whether or not you have heard it. A. Well, yes; I have heard about it somewhat. Q. Well, what have you heard? Mr. Oster: We object to the question on the ground that it is incompetent. The Court: Sustained. (To which ruling the defendant then and there duly excepts.) Q. Have you, in that neighborhood, for the last four years, in which you and McSweeney have resided, have you ever heard anything against the peace and quiet of that man's character? Mr. Oster: We object to the question as incompetent, on the ground that no proper foundation has been laid for it. The Court: Objection sustained. (To which ruling the defendant then and there duly excepts.)" Inasmuch as the witness was permitted to answer, and did answer affirmatively, the twice repeated question as to whether he had heard anything said against the character of the defendant, the defendant could not have been injured by the temporary rulings against that question, even if they were erroneous, which, however, is not conceded.

The only remaining question is whether it was error to exclude an answer to the question: "Well, what have you heard—that is, what have you heard said against the character of the defendant?" As the only answer called for by this question was what the witness had heard said against the character of the defendant, it is difficult to conceive how the defendant could have been benefited by the answer or injured by its exclusion, since the witness had already answered, in

effect, that he had heard somewhat against defendant's character. But, however this may be, the question was objectionable on the ground that it was not limited to a period prior to the homicide, especially in view of the testimony of the witness on the cross-examination, in which he said he did not remember having heard defendant's reputation discussed in the community (Holcomb Valley) where he resided, prior to the homicide: People v. Fong Ching, 78 Cal. 169, 20 Pac. 396. Furthermore, since the witness did not, on his direct examination, testify that he knew the general reputation of the defendant at any time, and his testimony on cross-examination strongly tended to show that his knowledge of such reputation in the community where defendant resided prior to the homicide was not sufficient to qualify him to testify in regard to it, the court may have properly sustained the objection to his proffered further testimony on this ground: People v. Moan, 65 Cal. 534, 4 Pac. 545; People v. Rodrigo, 69 Cal. 601, 11 Pac. 481. I think the record fails to show any error which could have been prejudicial to the defendant, and that the judgment and order should be affirmed.

We concur: Searls, C.; Haynes, C.

HARRISON, J.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

We concur: De Haven, J.; Van Fleet, J.

McFARLAND and GAROUTTE, JJ.—We concur in the judgment. We think that some of the questions asked the witness McFee which were ruled out should have been allowed, but think that, taking the examination of that witness as a whole, appellant was not prejudiced thereby.