State vs. Heard.

---

## No. 14,252..

## STATE OF LOUISIANA VS. JOE HEARD.

### SYLLABUS.

1. A conviction for selling one drink of beer to Ben Barnes, is not a bar to a prosecution for selling on the same day one flask of whisky to Austin Montgomery, unless the two sales are proved to have been one and the same transaction, constituting one sale.

2. The one word "Sunday" conveys all the meaning that is conveyed by the phrase "the twenty-four hours immediately following 12 o'clock Saturday night;" hence, under a statute forbidding stores to be kept open, or liquors to be sold during the twelve hours immediately following 12 o'clock Saturday night, it is sufficient to charge that the unlawful acts were committed on Sunday : especially is this so where in the title of the statute the word "Sunday" is used to designate the same forbidden space of time.

3. The hour at which the forbidden acts were committed need not be specified; it is sufficient to charge that they were committed on Sunday.

State vs. Heard.

4. Whether the mere opening of a store on Sunday, without making any sales, violates Act 18 of 1886, commonly known as the Sunday law, *quaere*. But every separate act of selling from said store on Sunday, constitutes a separate violation of said act, subject to separate prosecution and punishment.

A PPEAL from the Second Judicial District, Parish of Webster— *Watkins, J.*

*Walter Guion,* Attorney-General, and *Thomas T. Land,* District Attorney, (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Stewart & Stewart,* for Defendant, Appellant.

The opinion of the court was delivered by

PROVOSTY, J. The defendant was found guilty under an information charging him, as follows:—that he did "wilfully and feloniously keep his saloon open on Sunday and did then and there wilfully and unlawfully sell, barter and give to Austin Montgomery one flask of whiskey out of the stock kept in said saloon, contrary to the form of the statute," etc.

The law thus charged to have been violated by the defendant is Act 18 of 1886, commonly known as the Sunday law, which reads, as follows:

"That from and after the 31st day of December, 1886, all stores, shops, saloons and all places of public business which are or may be licensed under the law of the State of Louisiana or under any municipal law or ordinance and all plantation stores are he eby required to be closed at 12 o'clock on Saturday nights and remain closed continuously for 24 hours during which period of time it shall not be lawful for the proprietor thereof to give, trade, barter, exchange or sell any of the stock or articles of merchandise kept in any such establishment."

Defendant moved to quash the information on two grounds stated in the brief, as follows: "1st.—That the bills do not state that defendant opened his place of business at any time between the hours of twelve o'clock Saturday night and 12 o'clock Sunday night, or that he opened the place of business at any particular hour.

Second—That he had already been prosecuted, tried and convicted of the same offence and that he was twice put in jeopardy for the same offense. That if he had violated the law at all it was opening his

place of business on Sunday and that each separate sale at the same opening and during the same interview constituted but one act or offence, for which he could only be prosecuted one time. Hence, he pleads his former conviction in bar of this prosecution."

The first ground is not good. It was sufficient to allege that the reprobated acts had been done within the forbidden time, without specifying the hour; and this forbidden time was designated just as effectually by the single word "Sunday," by which it is designated in the title of the statute, as by the lengthier and more cumbersome expression by which it is designated in the body of the statute; the time comprised within the twenty-four hours immediately following 12 o'clock Saturday night, constitutes what is known as Sunday, and is described with perfect precision by that one word.

Nor is the second ground good. The acts charged in the two informations, though both charged as of the same day are not necessarily one and the same; the act of selling one drink of beer to Ben Barnes, for which the first conviction was had, is not the same as the act of selling a flask of whiskey to Austin Montgomery, which is the act charged in the second information: proof of the one act could not support a conviction for the other, and this is the recognized test for determining whether the first conviction is a bar to the second prosecution. We do not say that the two acts might not, in fact, constitute one and the same transaction, out of which the prosecution might carve but one crime, but we say that on the face of the papers they constitute two distinct transactions. It would have been admissible for defendant to prove their identity; but the proof in the case far from proving their identity proves their severalty: there is in the record an admission to the effect that the two sales were "to different parties at different times on the same day." Hence they were, in fact, separate transactions.

But defendant contends that what is made a crime by the statute is the opening of a saloon on Sunday, and not the making of sale on that day.

We cannot agree with that view. Whether the opening and the selling are not both and each made a separate crime, and might not both and each furnish matter for separate prosecution and punishment, might be a question; but certainly the selling is made a separate crime. All that part of the statute relative to opening might be stricken out and a complete statute be left denouncing the making of sales; and, on

the other hand, all that part of the statute forbidding the making of sales might be stricken out and a complete statute be left making it a crime to open. The statute, in its title, is stated to be one "requiring all stores, &c., to be closed on Sunday, and forbidding all selling, &c.," that is to say, the statute is stated to have a twofold object, first, to require stores to be closed; and second, to forbid sales. It is very questionable whether stores may be kept open, even although sales are not made; but it is very certain that the business of selling cannot be carried on on Sunday, even behind closed doors.

In defendant's brief we find the following: —

"The American & English Encyclopaedia of Law states the law as follows: "A conviction for making a sale on Sunday in contravention of a statute prohibiting sales on that day is a bar to subsequent prosecution for making other sales on the same day." (See Vol. 17, p. 604, 2nd Ed.) For this authority the author refers to Crepps vs. Durden, 2 Cowp. 640; People vs. Cox, 107 Mich. 439, and Commonwealth vs. Moses, 15 Pa. Co. et. 224."

Of the decisions here referred to we have had access to but one, that of People vs. Cox, 107 Mich. 439; 65 Southwestern Rep. 283. The syllabus of that decision, which correctly reflects the text, is as follows:

"1. 3 How. Ann. St. para. 1997 a., declares that all keepers of bawdy houses, or houses for the resort of prostitutes, shall be deemed disorderly persons Sec. 9286 provides that every person who shall keep a house of ill-fame, resorted to for the purposes of prostitution, shall be punished. Held, that a person cannot be punished for the same transgression under both statutes.

2. After a conviction for keeping a disorderly house defendant can not be convicted of the same offence on a date anterior to the former indictment, as the offence is a continuing one."

It is clear that the decision does not bear out the proposition in support of which it is cited. Plainly, the keeping of a bawdy house is a contnuous transaction constituting one offence; and being one transaction it cannot be cut up into parts for the purpose of making out several crimes. Doubtless, the two other cases cited would, on examination, be found equally unreliable as authority for the proposition they are cited in support of; otherwise they would be isolated cases. The well established rule is that where the selling of liquors is prohibited, each separate sale constitutes a separate offence.

"Successive sale may clearly be successively prosecuted." Wharton, Crim. L., 7th Ed., para. 566.

It is therefore ordered, adjudged and decreed that the judgment of the lower court herein be affirmed at the costs of the appellant.