STATE *vs.* JOSEPH A. LETOURNEAU.

PROVIDENCE—MARCH 7, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Indictments.   Evidence.   False Pretences.*

Upon an indictment charging defendant with obtaining money under false pretences in selling certain boxes of pills as "Dr. D.'s Pills," with knowledge that they were not such pills, evidence of other sales made by defendant subsequent to the finding of the indictment is inadmissible.

INDICTMENT charging defendant with obtaining money under false pretences in writing. Heard on petition of defendant for new trial, and petition granted.

TILLINGHAST, J. The defendant was indicted for, and convicted of, the offence of obtaining money under false pretences in writing, and the case is now before us upon his petition for a new trial upon the grounds that the verdict was against the evidence and that the trial court erred in certain of its rulings.

The false pretence set out in the indictment is that the defendant " with the intent to defraud one William O. Blanding did falsely pretend in writing that seven hundred and twenty boxes of pills were Dr. Coderre's Red Pills for Pale and Weak Women, prepared by the Franco-American Chemical Company; by means of labels pasted upon each of said boxes," (a copy of one of said labels being attached to and made part of the indictment) " whereas, in truth and in fact, the said seven hundred and twenty boxes of pills were not then and there Dr. Coderre's Red Pills . . . prepared by said Company, as he, the said Joseph A. Letourneau then and there well knew; by means of which said false pretences the said defendant then and there designedly and with intent to defraud the said William O. Blanding, did obtain from him a good and valid check and order for the payment of money to the amount of $197.50."

(1) In addition to the direct evidence offered by the State in support of the particular charge contained in the indictment, the attorney-general was permitted, against the objection of the defendant, to introduce evidence of other sales of said pills to other persons than said Blanding at various times prior to the finding of the indictment. The evidence was held to be admissible by the trial court, for the purpose of showing guilty knowledge on the part of the defendant.

Evidence was also admitted, against the defendant's objection, to prove sales of said pills by the defendant in May and June subsequent to the finding of said indictment, to the admission of which evidence the defendant duly excepted.

While we have grave doubts as to the admissibility of the evidence of sales which were made prior to the finding of the indictment, as each of such sales would constitute a separate and distinct offence under the statute, it is certainly clear that no sale made subsequent to the finding of the indictment was in any way relevant thereto. And as such testimony was doubtless prejudicial to the defendant, the admission thereof is sufficient ground for the granting of a new trial.

It is evident from the record that the evidence of said subsequent sales was admitted by the trial court upon a misapprehension as to the time of the finding of the indictment—as the court said, when objection was made thereto by the defendant's counsel: "If it was after the third of this last month, June, that is not proper, because it is not covered by the indictment." The indictment shows, however, that it was found on the fourth of March, 1901, and not in June of that year, as the court evidently supposed it was.

A number of other exceptions were taken by defendant to the rulings of the trial court relating to the admissibility of testimony and to requests to charge the jury; but as there must be a new trial, and as it is doubtful whether the points raised will be material hereafter, we do not deem it necessary to consider them.

Petition for new trial granted.

*Charles F. Stearns, Attorney-General,* for State.

*Franklin P. Owen,* for defendant.

NOTE by Mr. Justice Tillinghast.—For a collection of leading cases on the admissibility of evidence of other offences in the trial of criminal cases, see Rice on Evidence, vol. 3, cap. 25. See also *Reg.* v. *Holt,* 8 Cox's Crim. Law Cases, 411.