PER CURIAM. It is ordered that the decree heretofore handed down be amended in so far as that it is ordered that the costs be paid by the succession, instead of by "the defendant."

Rehearing refused.

O'NIELL, J., dissents.

---

(65 South. 478)

No. 20591.

STATE v. ANDERSON.

(May 25, 1914.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 202*)—FORMER ACQUITTAL—DIFFERENT SALES OF LIQUOR.

Defendant was charged in two separate informations with unlawfully selling intoxicating liquors, on the same day, without having previously obtained a license from the proper authorities. *Held*, that he was properly convicted in both cases on evidence showing that

the sales were made at different hours, at different prices, and to different parties.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 386–403, 408, 409; Dec. Dig. § 202.*]

2. WITNESSES (§ 337*)—DEFENDANT AS WITNESS—RIGHT TO IMPEACH.

Where a defendant testifies in his own behalf, the state has the right to impeach his reputation for truth and veracity.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1113, 1129–1132, 1140–1142, 1146–1148; Dec. Dig. § 337.*]

3. CRIMINAL LAW (§ 589*)—WITNESSES (§ 355*)—CONTINUANCE—COMPETENCY OF IMPEACHING WITNESS.

A witness who, after the arrest of the defendant, heard his reputation for truth and veracity discussed in the community in which he resided is competent to testify whether the same was good or bad. The bare fact that the prosecution summoned a greater number of witnesses than it was entitled to, without an order of court, furnishes no ground for a continuance of the case on the application of the defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1315, 1319; Dec. Dig. § 589;* Witnesses, Cent. Dig. §§ 1154–1156; Dec. Dig. § 355.*]

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

John Anderson was convicted of unlawfully selling intoxicating liquors, and appeals. Affirmed.

David R. Rosenthal, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and William A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State.

LAND, J. The defendant was charged in two informations with retailing spirituous and intoxicating liquors in the parish of Caddo, without having previously obtained a license from the proper local authorities. It was charged that the two sales were made on the same day, to wit, January 8, 1914.

In case No. 14266 the defendant was duly arraigned and pleaded not guilty, and the case was set for trial for January 23, 1914.

Case No. 14267 was continued until January 30, 1914.

On March 12, 1914, by agreement of counsel, both cases were taken up and tried together; on the next day the defendant was found guilty as charged in case No. 14266, and sentenced to pay a fine of $500, and to serve 12 months on the public works of the parish, and in default of the payment of the fine to serve 12 months additional on said works, subject to commutation.

In case No. 14267 the defendant filed a plea of autrefois convict, which was overruled by the court, and thereupon the defendant was found guilty as charged, and was sentenced to pay a fine of $500, and to serve 12 months on the public works of the parish, said sentence to begin immediately upon the expiration of the first sentence, and in default of the payment of the fine to serve 12 months additional on said works.

The defendant has appealed, and relies for reversal on several bills of exception.

[3] After defendant had announced ready for trial, he objected to proceeding on the ground that the state had summoned approximately fifteen witnesses, without complying with the law, while the defendant had summoned only six, and was therefore put at a disadvantage. As the trial judge says, if the defendant had desired to summon more than six witnesses, he should have made the proper statutory application; and the defendant did not suggest the names of any additional witnesses he could have secured if the case had been continued for that purpose. Boiled down, defendant's objection seems to have been that the state had summoned more witnesses than she was entitled to under the provisions of Act 67 of 1894.

It has been held that this statute was intended to apply only to witnesses summoned at the expense of the parish, and is not restrictive of the right of a party to compulsory process for obtaining witnesses at his own expense. State v. Nathaniel, 52 La. Ann. 558, 26 South. 1008.

We cannot perceive how the bare fact that the state summoned more than six witnesses entitled the defendant to a continuance.

[2] The defendant took the stand and testified in his own behalf. His defense was an alibi. The state in rebuttal called Mr. J. F. Lay, a prominent planter, to testify as to the reputation of the defendant for truth and veracity. Mr. Lay testified that he had known the defendant by reputation for about 2½ months, and that he had heard eight or ten persons discuss the defendant's reputation after his arrest. At this junction, counsel for defendant objected, on the ground that these statements were made after defendant's arrest on the present charge, and, further, that the defendant had not put his reputation for truth and veracity at issue. The objections were overruled by the court.

Mr. Lay proceeded to testify that defendant's said reputation was bad, and he would not believe him on oath. Here the trial judge asked the following question:

"Q. Mr. Lay, you are one of the most prominent planters on Red river?"

Counsel for the defendant objected to the use of the word "prominent," as calling for the opinion of the witness.

The witness answered that he was about the second cotton planter in Caddo parish.

From the per curiam of the trial judge, it appears that the defendant resided near Gilliam, in Caddo parish, and had previously resided for a number of years at Alden's Bridge in the adjoining parish of Bossier. Defendant's reputation was discussed by Mr. Lay with a number of persons, white and black, residing in the Gilliam neighborhood.

These discussions necessarily imply that the defendant had resided long enough in that part of Caddo parish to have acquired some sort of a reputation for truth and veracity, and that his reputation antedated the time when Mr. Lay heard it discussed.

The state had the right to impeach the defendant's reputation *as a witness* for truth and veracity. See State v. Guy, 106 La. 9, 30 South. 268, and authorities there cited.

[1] There is no merit in defendant's plea of autrefois convict. Two sales were made on the same day, a half an hour apart, at different prices, to different parties, and at different places. These sales were different transactions. See State v. Heard, 107 La. 60, 31 South. 384.

Judgment affirmed.