(71 South. 510)

No. 21881.

STATE v. MURRAY.

(April 3, 1916. On Application for Rehearing, April 24, 1916.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⬮892—TRIAL—VERDICT—CONFLICT IN RECORD.

Where there is a variance in the verdict indorsed on an indictment and signed by the foreman of the jury, and the verdict as recorded by the clerk, the former will be accepted as showing the intention of the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2114; Dec. Dig. ⬮892.]

2. CRIMINAL LAW ⬮379—EVIDENCE—CHARACTER OF ACCUSED.

"Accordingly, it is generally agreed that a reputation at any time after a charge published, or other controversy begun, is not admissible."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 843, 844; Dec. Dig. ⬮379.]

3. CRIMINAL LAW ⬮1171(1) — TRIAL — REMARKS OF COUNSEL.

It is not every idle or irrelevant remark by a district attorney during the course of a trial which will cause the case to be remanded.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3127; Dec. Dig. ⬮1171(1).]

4. HOMICIDE ⬮191 — PROSECUTION — EVIDENCE.

Testimony of oppressive or harsh acts on the part of the prosecuting witness towards the

accused, at times other than at the time of the commission of the crime charged, is inadmissible.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 414; Dec. Dig. ☞191.]

5. CRIMINAL LAW ☞683(1) — RECEPTION OF EVIDENCE—REBUTTAL EVIDENCE.

Testimony by defendant of a specific overt act on the part of the prosecuting witness may be rebutted, when not testified to by the latter when he was examined.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1615, 1617; Dec. Dig. ☞ 683(1).]

Appeal from Second Judicial District Court, Parish of Bossier; John N. Sandlin, Judge.

Ben Murray was convicted of shooting with intent to kill, and appeals. Affirmed.

Foster, Looney & Wilkinson, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and Thomas W. Robertson, Dist. Atty., of Minden (G. A. Gondran, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. [1] Defendant assigns, as error, patent on the face of the record, that the transcript shows:

"After due deliberation the jury returned into open court, and in the presence of the accused, with the following verdict:
"We, the jury, find the defendant guilty with shooting to kill.
"Defendant shows that the above verdict of the jury convicts him of no crime known to the laws of Louisiana, and he asks for a new trial."

The transcript also shows that the verdict of the jury as rendered indorsed on the indictment is:

"We, the jury, find the defendant guilty with shooting with intent to kill.
"[Signed]        E. R. Hardcastle, Foreman."

The above verdict of the jury convicts defendant of a crime denounced by the laws of the state.

There was apparent error by a careless clerk in recording the verdict of the jury in the case, but such error cannot have effect where the verdict of the jury is in the record, and speaks for itself, as to the intention and finding of the jury.

In the case of State v. Reonnals, 14 La. Ann. 278, where the foreman signed an irresponsive verdict, and the clerk recorded one which was responsive, it was said of the verdict signed by the foreman:

"This shows what was the intention of the jury, and the verdict ought not, under such circumstances, to be sustained."

And it was set aside, although the recorded verdict would have been valid.

[2] Bill of exception 1. This bill is taken to the exclusion of the testimony of a witness as to the character of the defendant for peace and quiet after the commission of the crime.

If the question had referred to declarations or acts of parties after the commencement of the suit the testimony would have been inadmissible, as the presumption would be that they had been made with reference to the suit.

The same presumption would apply to the reputation of parties to a suit. This hearsay testimony as to character might well be made with reference to the suit; and the state or defendant might cause the reputation of the accused to be discussed, to the disadvantage or to the advantage of the accused. A false reputation might thus be created. The objection to the testimony was properly sustained.

Mr. Wigmore in his second volume, § 1618, p. 1966, lays down the rule:

"Accordingly, it is generally agreed that a reputation at any time after a charge published, or other controversy begun, is not admissible."

And, in State v. Johnson, 60 N. C. 151, it is said:

"Upon principle, it ought to be confined to the time when the charge was first made. A different rule will expose the defendant to the great danger of having his character ruined or badly damaged, by the arts of a popular or artful prosecutor, stimulated to activity by the hope of thus making his prosecution successful. Evidence of character is of the nature of hearsay, and the general rule in relation to that kind of testimony is, that it shall not be received if the hearsay be post litem motam."

[3] Bill 2. This bill is taken to a remark by the district attorney in the course of his argument. As the argument of the district attorney is not given, or even that portion in which the objectionable remark was made, it is impossible to pass upon its possible effect upon the jury. We fail to see the relevancy of the remark, and cannot conceive how it could have affected the jury prejudicially to the accused. The court, in a per curiam; says that "the district attorney was answering argument of counsel for defendant," and that "the verdict of the jury shows, to my mind, that the argument was not prejudiced, as they only found the accused guilty of shooting to kill."

It is not every idle or irrelevant remark made by a district attorney which will cause a case to be remanded. Where such remarks are clearly offensive or prejudicial to the accused they may be cause for remanding the case.

[4] Bill 3. The court refused to permit a witness to testify whether or not the prosecuting witness, a stepbrother of defendant, was oppressive and harsh in his treatment of his younger brother, the defendant. It is argued that the testimony might have thrown light upon who the aggressor in the case was.

Testimony of oppressive or harsh acts on the part of the prosecuting witness towards defendant, at times other than at the time of the shooting, would have opened the door to irrelevant testimony which could have served no useful purpose. It was properly rejected. The matter to be proved was who the aggressor was at the time of the shooting, and this is shown by the verdict of the jury.

[5] Bill 4. After the state had closed its case, and defendant had testified that when he shot the prosecuting witness that the latter had his hand in his pocket and made a motion as if to draw a weapon, the prosecuting witness was recalled by the state and asked where his hands were at the time defendant shot him.

This was clearly rebuttal evidence. According to the statement of the judge the prosecuting witness had not testified directly on the point. He could not have been expected to have so testified. It was not until defendant had testified to the specific act of aggression on the part of the prosecuting witness that the latter could be called to deny that particular act.

Judgment affirmed.

On Application for Rehearing.

PER CURIAM. In his application for a rehearing, defendant states that the court overruled a former opinion of the court, without making reference to it in the decision. An examination of the decision in State v. Anderson, 135 La. 326, 65 South. 478, shows that the evidence of reputation in that case had reference to the reputation of the accused prior to his indictment, although discussed after that time. Whereas, in the present case, the reputation of defendant for peace and quiet was that after his imprisonment, which the witness had heard discussed. He testified that he did not know the reputation of the accused prior to the time of his incarceration. The trial judge says with much force:

"The evidence was excluded for the reason that it would be an easy matter to manufacture character, either good or bad, after it was sure that such evidence would be necessary or could be used in a trial; hence the discussion of character, at a time not suspicious, would be the proper ones on which to form an opinion as to character."

Rehearing refused.