## LEWIS *v*. STATE OF INDIANA.

[No. 23,412.   Filed May 28, 1918.]

INDICTMENT AND INFORMATION.—*Evidence.—Time of Offense.*—
Where an affidavit was filed on June 8 charging an offense, the
defendant could not be convicted on evidence showing the com-
mission thereof to be on July 8 of the same year, since the evi-
dence must show that the commission of the offense was prior
to the filing of the charge and within the statute of limitations.

From Marion Criminal Court (47,605) *James A. Col-
lins,* Judge.

Prosecution by the State of Indiana against Max
Lewis.   From a judgment of conviction, the defendant
appeals.   *Reversed.*

*Holmes & McCallister,* for appellant.
*Ele Stansbury,* Attorney-General, *Elmer E. Hastings*
and *Dale F. Stansbury,* for the state.

LAIRY, J.—Appellant was charged by an affidavit filed
under §8351 Burns 1914, Acts 1907 p. 689.   The first
count of the affidavit charged appellant with keeping a
place where intoxicating liquors were sold in violation
of the laws of the state, and the second count charged
that he was found with intoxicating liquors in his pos-
session for the purpose of being sold in violation of law.
Appellant was convicted in police court and appealed
the case to the criminal court of Marion county where
he was again convicted.   From this judgment of convic-
tion this appeal is prosecuted.

The only error assigned on appeal is that the court
erred in overruling appellant's motion for a new trial.
On appeal, appellant presents three of the grounds upon
which the motion for a new trial was based, all others
being waived.   The causes thus presented are:   (1)
That the court erred in refusing to direct a verdict for
defendant at the close of the state's evidence;   (2) that

the verdict of the jury is contrary to law; and (3) that· the verdict of the jury is not sustained by the evidence.

Appellant introduced no evidence at the trial and the only question raised by the three causes for a new trial presented relate to the sufficiency of the state's evidence to sustain a verdict of conviction. The motion to direct a verdict was based on the insufficiency of the evidence and so were the other causes for a new trial which are relied on for reversal.

The record shows that the affidavit was filed and the warrant issued on June 8, 1917. The trial was held in the criminal court on September 20 of the same year. The evidence of the police officers who made the arrest shows that they went to the place kept by appellant on Sunday morning, July 8, 1917, when they searched the place and found and seized certain liquor which was produced in court, and at the same time arrested the defendant and took him to the police station. The officers testified to certain conversations had with appellant at the same time and with others in his presence. No claim is made that the evidence would not be sufficient to sustain a conviction on an affidavit filed on or after July 8, 1917; but it is asserted that the evidence shows, without any conflict, that, if any offense was committed, it was committed after the affidavit was filed and not before. If appellant is correct in this the verdict cannot be upheld, as it is well settled that the evidence, in order to sustain a conviction, must show the commission of an offense before the charge is filed and within the statute of limitations. *Patton* v. *State* (1888), 80 Ga. 714, 6 S. E. 273.

All of the evidence introduced shows without dispute that the acts and conditions relied on as constituting the offense occurred on July 8, 1917. There is a total want of evidence to show that appellant was guilty of the offense charged in either count of the affidavit on or

prior to June 8, 1917, the date of the commission of the offense as fixed in the affidavit.

There is no evidence to sustain a conviction of the offense charged, and the court should have granted a new trial on that ground. The judgment is reversed, with directions to sustain appellant's motion for a new trial.

NOTE.—Reported in 119 N. E. 720.