## Cornett v. Commonwealth.

• (Decided January 12, 1923.)

### Appeal from Harlan Circuit Court.

1. ' Criminal Law—Evidence After Return of Indictment.—A conviction can not be had on proof of an offense committed after the return of the indictment.
2. Criminal Law—Bill of Exceptions.—The obtention of time to file a bill of exceptions is not necessary where it is filed at the same term at which the trial was had, and, of course, before adjournment.

J. B. SNYDER and SNYDER & ADKINS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On his trial in the Harlan circuit court the appellant, Cam Cornett, was convicted under an indictment returned into that court on January 12, 1922, accusing him of unlawfully transporting spirituous, vinous and malt liquors contrary to the statute. His motion for a new trial was overruled and he has appealed, urging a number of grounds for a reversal of the judgment, but we deem it necessary to consider only one, which, as will be seen, is abundantly sufficient to show that the judgment is fatally erroneous.

But one witness testified in the case, and he was introduced by the Commonwealth. He was the chief of police of the city of Harlan and he testified that he arrested appellant for being drunk on the streets of Harlan, and when searched the witness found in his coat pockets two pints of moonshine whiskey. The testimony of the witness, as copied in the record, is that "On one night last March, 1922, I arrested Cam Cornett standing in front of the picture show and searched his person and

took from his inside pocket two pint bottles of moonshine liquor." As stated, the testimony of that witness was all that was heard upon the trial, and it unmistakably shows that the offense, if committed at all, was done something like two months after the finding and returning of the indictment. It needs neither argument nor the citation of authorities to demonstrate that a conviction can not be had for an offense committed after the finding of the indictment under which defendant was on trial.

The Commonwealth has made a motion to strike the bill of exceptions from the record upon the ground that no time was obtained in which to file it. The motion for a new trial was overruled on the 24th day of August, 1922, and the bill of exceptions was filed on the 8th day of September thereafter, and, of course, before the adjournment of that term of court. The legislature at its 1922 session provided for a term of the Harlan circuit court beginning the third Monday in August and continuing eighteen juridical days; so that the bill of exceptions was filed at that term of court and the granting of time is not required where the bill is filed at the same term at which the trial was had. The motion is therefore overruled.

For the reason stated, and without passing on any other question raised, the judgment is reversed for proceedings consistent herewith.