WOLF *v.* STATE OF INDIANA.

[No. 13,668.   Filed June 18, 1929.]

*Douglass & Helmke,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

NEAL, J.—This is a prosecution against appellant for maintaining a common nuisance where intoxicating liquor was unlawfully kept for sale, barter and gift, and where persons were permitted to resort for the purpose

of drinking intoxicating liquor as a beverage. The cause was submitted to the court for trial, and appellant was found guilty. A motion for new trial was overruled and error is predicated on such ruling.

The assigned error presents the following causes to wit: (a) The finding of the court is not sustained by sufficient evidence; (b) the finding is contrary to law; (c) errors of law in admitting alleged incompetent items of evidence over the several objections of the appellant.

The indictment was returned March 14, 1927. A witness gave testimony that he had purchased drinks, consisting of beer and whisky, at appellant's place during the summer of 1927. Counsel for appellant immediately, by motion, sought to eliminate the evidence for the reason that the purchases were made after the return of the indictment. The court overruled the motion and announced that he was committed to the position that "this was a continuing offense."

We will first consider the alleged error of law in admitting in evidence the sale of whisky after the return of the indictment. It has been stated often in text books and the decisions of our court that, while the indictment must state the time, proof need not be confined to the time stated therein, except it is necessary to prove that the offense charged was committed prior to the return of the indictment and within the period of limitations. *Bond* v. *State* (1927), 199 Ind. 484, 158 N. E. 241, and authorities cited; 14 R. C. L. 180.

In the case of *Lewis* v. *State* (1918), 187 Ind. 403, 119 N. E. 721, Judge Lairy, speaking for the court, said: "No claim is made that the evidence would not be sufficient to sustain a conviction on an affidavit filed on or after July 8, 1917; but it is asserted that the evidence shows, without any conflict, that, if any offense was committed, it was after the affidavit was filed and not before. If appellant is correct in this the verdict can-

not be upheld, as it is well settled that the evidence, in order to sustain a conviction, must show the commission of an offense before the charge is filed and within the statute of limitations."

In the case of *Commonwealth* v. *Patalano* (1925), 254 Mass. 69, 149 N. E. 689, the defendant was charged with keeping and exposing intoxicating liquor for sale and of maintaining a common nuisance, and specifications filed in the case limited the time of commission to May 8, 1925, the date of the return of the indictment, and three months prior thereto. The officers made a raid on the place so operated by the defendant on May 9, 1925, when a large quantity of intoxicating liquors was seized. Objection was made to the admission of evidence concerning the raid and of the liquor seized. The court said: "When the dates of a continuing offense are fixed in the indictment or by specifications, the defendant cannot be convicted unless proven guilty of the crime within the period alleged, and no evidence is to be received unless it tends to prove that offense. . . . In such cases evidence of conditions before and after the period within which the crime must be proved is admissible if 'confined to a time very near the time in question, or . . . connected with it by evidence showing a continuance of the same condition through the entire intervening period.' "

And again, in the case of *Commonwealth* v. *Finnerty* (1889), 148 Mass. 162, 19 N. E. 215, the court, in commenting upon the receipt of the evidence which related to a time subsequent to the return of the indictment, said: "Introduction of this kind of evidence should be carefully guarded," etc.

If we test the admissibility of the evidence which related to the sale of whisky after the return of the indictment by the rule of law applicable to such evidence announced by the Supreme Court of

Massachusetts, we are of the opinion that such evidence is not admissible. If there had been ample evidence of the unlawful possession or sale of intoxicating liquor, or that persons frequented appellant's place for the purpose of drinking intoxicating liquor, at the time of the return of the indictment and prior thereto, within the period of limitations, we would be constrained to hold that the evidence of a sale of whisky after the return of the indictment was not prejudicial. See *Landfield* v. *United States* (1925), 9 Fed. (2d) 315. However, we are of the opinion that evidence of the sale of whisky after the return of the indictment, when applied to the facts in this case and the law applicable thereto, was inadmissible and harmful. See *State* v. *Germain* (1926), 132 Atl. (R. I.) 734; *Patton* v. *State* (1888), 80 Ga. 714, 6 S. E. 273; *Colbentz* v. *State* (1911), 84 Ohio St. 235, 95 N. E. 768; *State* v. *Letourneau* (1902), 24 R. I. 3, 51 Atl. 1048, 96 Am. St. 696. Section 2744 Burns 1926 provides that, "it shall be competent to prove the general reputation of the place referred to as to its being a place where intoxicating liquor is possessed or sold and where people resort for the purpose of drinking intoxicating liquor."

Counsel for appellant contend that although proof of reputation of appellant's place was admissible, the court committed error in permitting a witness to testify as to the reputation of appellant's place, both prior and subsequent to the return of the indictment, in face of a proper objection. Reputation has been defined as "what the community thinks, believes, or says." When an indictment is returned against a citizen for the violation of a criminal statute, the several members of the community take part in the controversy, many expressing an opinion as to the guilt or innocence of the accused. As was said by Greenleaf: "The value of general reputation, as evidence of the true state of

facts, depends upon its being the concurrent belief of minds unbiased, and in a situation favorable to a knowledge of the truth; and referring to a period when this fountain of evidence was not rendered turbid by agitation." While evidence of reputation is admissible, it must be based upon the declarations made by members of the community before the return of the indictment. The court should have confined the evidence as to reputation to a period of time prior to the return of the indictment and within the statute of limitations. 1 Greenleaf, Evidence §§131-133; *Wroe* v. *State* (1871), 20 Ohio St. 460; *State* v. *Murray* (1916), 139 La. 280, 71 So. 510; *People* v. *Willy* (1921), 301 Ill. 307, 133 N. E. 859; *State* v. *Johnson* (1864), 60 N. C. 151. See *People* v. *McSweeney* (1894), 4 Cal. Unrep. 924, 38 Pac. 743; *Smith* v. *State* (1916), 197 Ala. 193, 72 So. 316; *In re Darrow* (1910), 175 Ind. 44, 92 N. E. 369.

The appellant has presented several other questions in regard to the admissibility of evidence. However, they will probably not arise on a retrial of this case. Inasmuch as it will be necessary to sustain appellant's assignment of error, we will not discuss the other causes for a new trial.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.