## WALTERMIRE *v.* STATE OF INDIANA

[No. 28,028. Filed February 14, 1945. Opinion modified and Rehearing Denied April 18, 1945.]

*T. Ernest Maholm*, of Indianapolis, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Deputy Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for the State.

O'MALLEY, C. J.—The appellant was charged with and convicted of the crime of abortion under § 10-105, Burns' 1942 Replacement, § 2428, Baldwin's 1934. The trial was by jury in the Criminal Court of Marion County, Indiana.

It is claimed here that the lower court erred in not sustaining a written request for a special venire. After the commencement of the trial, the special judge who tried the case ordered the sheriff to summon twenty (20) jurors from persons outside the court house. This was done because various members of the regular panel were excused for cause. The appellant objected to the order given the sheriff and then filed a written request that a special venire be selected and ordered to appear at a later date. This request was overruled and the trial proceeded. The record shows the jury accepted and sworn. It is not shown how many of the regular panel were on the jury, nor how many were from those summoned from outside the court house. It is not shown that any one of the jury was in any way disqualified. No objection to going to trial before this jury is shown.

This court has held that a failure to object to the jury at or before the trial, constitutes a waiver of any irregularity in the call to jury service. *Souerdike* v. *State* (1938), 214 Ind. 523, 527, 15 N.E. (2d) 379, 381. The theory of this holding is that the appellant may have been satisfied with each juror, since nothing to the contrary is shown.

In *Harlan* v. *State* (1921), 190 Ind. 322, 333, 130 N.E. 413, 417, this court said:

"A person accused of crime has no constitutional right to be tried by the regular panel of the petit

jury, nor by any jury other than an impartial jury composed of jurors possessing the requisite statutory qualifications and selected and impaneled in the mode prescribed by statute."

The right to a special venire is discretionary with the trial court. § 4-3309, Burns' 1933, § 1271, Baldwin's 1934; *Hawkins* v. *State* (1941), 219 Ind. 116, ██ 37 N.E. (2d) 79. There is no showing that the trial court abused its discretion in refusing the request for a special venire. Having failed to make a timely objection, and no abuse of discretion being shown, the overruling of the request for a special venire did not constitute error.

At the conclusion of the evidence the appellant moved for a directed verdict. This motion was overruled and error is predicated thereon. No instruction to ██ that effect was offered, therefore, no question is presented. *Jones* v. *State* (1929), 89 Ind. App. 564, 166 N. E. 158. It is likewise claimed that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

There was uncontradicted evidence before the jury from which they could find that the prosecuting witness visited the appellant, a physician, on March 19, 1943, and again three days later, for the purpose of having the appellant perform an operation to cause her to abort; that she was pregnant with child; that he requested payment from her and received twenty-five dollars ($25.00) on the first visit and five dollars ($5.00) on the second; that on each occasion he placed her on a table and inserted a tube in her uterus and told her that would take care of the matter; that on the day following her second visit she became violently ill and as a result of the two treatments aborted; that the abortion

was not necessary to save her life; that all of these matters occurred in Marion County and the State of Indiana.

Appellant asserts that because the miscarriage occurred on March 24, 1943, the evidence was insufficient to prove the material allegations of the indictment. The indictment charged the use of the instrument on the 23rd day of March, 1943, and that in consequence thereof there was a miscarriage. The date of the miscarriage is not set out, but the record shows that the indictment was not filed for some five (5) days after the miscarriage.

Evidence showing the commission of an offense prior to the time of filing the charge and within the ▮ period of the statute of limitations is sufficient. *Lewis* v. *State* (1918), 187 Ind. 403, 119 N. E. 720.

The evidence being sufficient to prove every material allegation in the indictment, the claim of the appellant "That the verdict of the jury is contrary to law ▮ and not sustained by sufficient evidence" is not well taken. *Cazak* v. *State* (1925), 196 Ind. 63, 147 N. E. 138.

Finding no reversible error, the judgment is affirmed. NOTE.—Reported in 59 N. E. (2d) 123.

ON PETITION FOR REHEARING

O'MALLEY, C. J.—The appellant, in his petition for rehearing filed by attorneys who have not heretofore represented him, correctly asserts that under the ▮ new rule (Rule 1-7 of the Supreme Court of Indiana), error may be predicated on the overruling of a motion for a directed verdict. In his motion for a directed verdict, the appellant raised two questions. 1. That the evidence does not show commission of an abortion prior to the date charged. 2. That the evidence does not show that an abortion was committed.

The original opinion disposed of both propositions. In effect, it held that there was no failure to prove the allegations contained in the indictment and that there was sufficient evidence from which the jury could find for the State on each material allegation.

In the petition for rehearing it is asserted that the attorney for the appellant did not do his duty in presenting two questions which were raised in the motion for a new trial. We are confined to the record, and cannot take the bare assertion of the new attorney that the record is not complete or that some things happened that are not shown of record.

The two reasons which were set forth in the motion for a new trial, and then abandoned by appellant, were based upon alleged misconduct of the prosecutor. From an examination of the claimed errors and the record, we feel that the appellant's attorney concluded that the two matters asserted in the motion, which were not briefed, raised no question of error for which a reversal could be expected. It seems to us that his reasoning was sound.

It is also asserted that the appellant's attorney neglected the rights of his client. These claims of the new attorney are outside the record. They are not shown to have any substantial factual basis, and certainly on rehearing, we should not permit additional matters to be raised as an afterthought— matters never before called to the attention of the court.

The original opinion is modified in conformity with this opinion, and the petition for rehearing is denied.

NOTE.—Reported in 60 N. E. (2d) 526.