## People of the State of Illinois, Defendant in Error, v. William Wright, Plaintiff in Error.

### Gen. No. 47,967.

First District, First Division.

April 25, 1960.

Michael H. Brodkin and Richard H. Devine, of Chicago, for plaintiff in error.

Benjamin S. Adamowski, State's Attorney of Cook county, Illinois (Francis X. Riley, of counsel) for defendant in error.

JUSTICE SCHWARTZ delivered the opinion of the court.

This is a writ of error to the Municipal court of Chicago, seeking to reverse a judgment finding defendant guilty of the unlawful possession of narcotics.

It appears that on October 1, 1956, upon an information filed in the Municipal Court of Chicago, a warrant issued for the arrest of defendant William Wright, charging him with having in his possession and under his control heroin, a narcotic drug, otherwise than as authorized in the Uniform Narcotic Drug Act. Pursuant to that information a warrant was issued, and on the same day defendant upon his arrival at Midway Airport in Chicago was arrested by a Chicago policeman. Defendant then handed a Treasury Agent who had accompanied the policeman a briefcase containing 10 glassine envelopes filled with heroin. Defendant was brought to trial in the Municipal Court of Chicago, found guilty, and sentenced to serve two years in the Cook County jail.

 The principal ground urged for reversal of this case is that the information was not supported by any competent testimony. The case upon which defendant relied was People v. Derrico, 409 Ill. 453, 456, 100 N.E.2d 607, 610. That case involved an indictment, and there was language in the opinion from which support for defendant's contention might be derived. However, the Supreme Court of Illinois has recently decided the consolidated cases of People v. Willard Jones and People v. Helen Jones, et al., Docket Nos. 35201 and 35202 (January 1960) in which the court said:

475

■■■■■■■■■■

"There can be no right to challenge an indictment as being founded on wholly incompetent evidence under the fourteenth amendment (See Hurtado v. California, 110 U. S. 516, 28 L. Ed. 232) and, adopting the construction given to the fifth amendment in Costello v. United States, [350 U. S. 359, 100 L. Ed. 397] we hold that such a right does not exist under section 8 of Article II of our State constitution.

"The question then is whether it will further the administration of justice to permit defendants to challenge indictments on that ground. The law favors promptness in the dispatch of criminal business of the courts when in harmony with the effective protection of the rights of the accused and the interests of the public. The delay is great when an accused can assail an indictment on this ground and cause the trial court to review all the evidence presented to the grand jury, as was done in this case. Such procedure adds nothing to the assurance of a fair trial to which the accused is entitled. We are of the opinion that the trial court should not inquire into the adequacy and competency of the evidence before the grand jury."

The same principle applies to criminal proceedings instituted on information.

■■■ Defendant also makes the point that the testimony at the trial showed the offense to have been committed after the filing of the information. The proof at the trial showed that defendant had possession of heroin on the same day on which the information issued, and not on a prior day. We find no merit in defendant's point.

Judgment affirmed.

DEMPSEY, P. J. and McCORMICK, J., concur.