(No. 36157.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM WRIGHT, Plaintiff in Error.

*Opinion filed March 29, 1961.*

MICHAEL H. BRODKIN, and MYER H. GLADSTONE, both of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

The defendant, William Wright, was tried by the court without a jury in the municipal court of Chicago and was found guilty of the crime of unlawful possession of narcotic drugs. The judgment of conviction was affirmed by the Appellate Court for the First District (25 Ill. App. 2d 474,) and the case is now here on a writ of error issued by this court.

The undisputed evidence showed that William Sullivan, a Chicago police officer, appeared before a judge of the municipal court of Chicago at about 11:00 in the morning of October 1, 1956, and signed the information upon which defendant was later tried. In that information he charged

that the defendant, William Wright, on October 1, 1956, had in his possession in the city of Chicago certain narcotic drugs. Sullivan testified at the trial that at the time he filed the complaint he believed that the defendant was in New York, about to board a plane for Chicago. Another police officer, William Wilson, testified at the trial that he had testified before the judge of the municipal court of Chicago at the time the information was signed by Sullivan and at the time the warrant for the defendant's arrest was issued. He testified at the trial that he told the judge that defendant was coming into Chicago from New York and testified that at the time he appeared before the judge he knew that the defendant was not in the State of Illinois and knew that the defendant could not have had possession of narcotics in the city of Chicago at that time because he knew the defendant was then in New York. A warrant was issued for the defendant's arrest and at about 4:00 o'clock in the afternoon of October 1, the defendant arrived in Chicago on a plane from New York and was arrested at the airport.

This case presents a single issue which is decisive of the case. The question is whether a conviction can be sustained upon an information charging a crime where the undisputed evidence shows that no crime had been committed at the time the information was filed. This question has never been squarely decided by this court, although we have stated on many occasions, in discussing the question of a variance between the date alleged in the indictment or information and the proof, that it is sufficient if the indictment charges the commission of a crime at any time within the statute of limitations and prior to the return of the indictment. (*People* v. *McGowan*, 415 Ill. 375; *People* v. *Day*, 404 Ill. 268; *People* v. *Taylor*, 391 Ill. 11.) In those cases the date alleged in the indictment was actually prior to the return of the indictment and these cases can not therefore be considered decisive of the present question. However, in other

jurisdictions the question has been squarely presented and it has uniformly been held that a conviction cannot be sustained where the proof shows that the crime was committed after the return of the indictment or information. In *Cornett* v. *Commonwealth,* 197 Ky. 217, 246 S.W. 447, the indictment was returned on January 12, and the proof showed that the crime was committed on March 22. The court stated "It needs neither argument nor the citation of authority to demonstrate that a conviction can not be had for an offense committed after the finding of the indictment under which defendant was on trial."

In *Lewis* v. *State,* 187 Ind. 403, 119 N.E. 720, the court said, page 721 (N.E.), "It is asserted that the evidence shows, without any conflict, that, if any offense was committed, it was committed after the affidavit was filed and not before. If appellant was correct in this the verdict cannot be upheld, as it is well settled that the evidence, in order to sustain a conviction, must show the commission of an offense before the charge is filed and within the statute of limitations."

In *Richardson* v. *State,* 215 Ala. 318, 111 So. 204, the court held that it was essential in order to sustain a conviction that the offense must have been committed before the prosecution was begun and held that the affidavit instituting the prosecution is the best evidence of the date when the prosecution commenced. The court said in that case, "In the nature of the case, the prosecution must pertain to offenses committed before the affidavit is made."

In *McWilliams* v. *State,* 80 Tex. Crim. Rep. 116, the court said, "The case will be reversed for the following reason: The affidavit charging the offense was made and filed on the 24th of the month. The evidence for the State, there being none for the defendant on this question, shows that the offense was committed on the 29th of the same month, or five days after the filing of the complaint. The information, of course, follows the allegations of the com-

plaint. A citizen can not be convicted of an offense until the evidence shows that the offense was committed as charged. It would not do to hold that an offense committed five days after the complaint is filed could be sustained. Under our law a citizen can not be convicted for future but for past offenses."

In *Brown* v. *City of Tuscaloosa*, 196 Ala. 474, 477, the court said "But in every case the crime proved must antedate the charge upon which the defendant is being tried; otherwise not only is there a fatal variance, but also a complete absence of jurisdiction of the particular offense. In such a case evidence of the later offense is not admissible and there can be no lawful conviction thereof."

Although most of these authorities were cited in the brief of the defendant in the present case, the State in its brief has cited no case holding to the contrary. In our own research we have found no such case. The State attempts to distinguish those cases on the basis that they all involve cases where the proof showed that the offense was committed on a later date. The State argues that since the information charged that the defendant possessed narcotics on October 1, and the proof showed that he did possess them on the date, the conviction should be sustained. We are not pursuaded by this argument. According to this argument the conviction is valid because the defendant arrived in Chicago on the afternoon of the 1st, but would not have been valid if he had arrived a few minutes past midnight, even though on both occasions he did not come into the State of Illinois until after the information was filed. We are unable to perceive any rational basis for such a distinction. The test to be applied is not whether the offense took place on a *date* subsequent to the date alleged in the indictment or information, but rather whether the offense took place any *time* after the indictment or information.

The State also contends that it is improper to go behind

the indictment or information to determine whether there was sufficient evidence to cause the return of the indictment or information. This proposition finds support in our holding in *People* v. *Jones*, 19 Ill.2d 37. However, the inquiry in the present case was not directed toward ascertaining whether the evidence presented to the municipal court was sufficient to warrant the filing of an information and the issuance of a warrant but rather was to determine the time the information was filed and the warrant was issued. As stated by the Alabama Court in the *Richardson case*, the affidavit instituting the prosecution is the best evidence of the time when the prosecution was commenced. Inquiry into that issue is not precluded by our holding in the *Jones case*.

Since the undisputed evidence shows that the conviction in this case was obtained under an information which was filed prior to the time any offense was committed, the judgment of conviction must be reversed.

*Judgment reversed.*