THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MIGUEL BAEZ, Defendant-Appellant.

(Nos. 59519-21 cons.; ▮▮▮▮▮▮▮▮▮▮

First District (1st Division)—June 3, 1974.

BURKE, J., took no part.

James J. Doherty, Public Defender, of Chicago (Lawrence J. Czepiel, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and John B. Adams, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM:

In connection with his possession on March 7, 1973, of a .38-caliber automatic pistol, the defendant, Miguel Baez, was convicted following a bench trial of the following three weapons offenses and sentenced to concurrent terms of 9 months in the Illinois State Farm at Vandalia:

1. Unlawful use of weapons in that he carried on his person a loaded .38-caliber automatic pistol in violation of Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10);

2. Failure to have in his possession a firearm owner's identification card issued by the Department of Law Enforcement in violation of Ill. Rev. Stat. 1973, ch. 38, par. 83—2;

3. Defacing identification marks on a firearm, specifically with defacing the serial number of the .38-caliber weapon so it was illegible in violation of Ill. Rev. Stat. 1973, ch. 38, par. 24—5.

Defendant raises four contentions on this appeal: (1) since the complaints were stamped as filed on March 6, 1973, and the charge and proof showed the incident occurred on March 7, 1973, all convictions should be reversed; (2) the charge of defacing identification marks on a firearm is defective because it stated he possessed a defaced weapon rather than that he changed, altered, removed or obliterated the identification number; (3) the provision of section 24—5(b), that possession of a defaced firearm is prima facie evidence that the possessor defaced the firearm, violates the due process clause of the United States and Illinois Constitutions: (4) the Assistant Public Defender's statement, "Not guilty, Jury waived," made after the case was passed, was not a sufficient waiver of jury.

The evidence may be briefly summarized: Chicago Police Officer Lester Bowen testified that on March 7, 1973, at North Avenue and California in the City of Chicago he observed a butt of a pistol protruding from the defendant's belt and arrested him. The defendant could not produce a State firearm owner's identification card when requested by the officer to do so, and the weapon was admitted into evidence. The defendant testified that the officer suddenly came up to him and searched him while he was waiting for a bus. The officer put his hands up and took out the gun and put it in his face and asked if he wanted him to

pull the trigger, and the defendant said, "Hell, no, because it's loaded." He claimed he had just bought the gun and was going to take it to a police officer he knew so that the officer could check it out for him. He knew that having a weapon was "kind of dangerous" and he could be in trouble if he was stopped, but "there was a chance that I took, you know, and unfortunately I got caught."

■■ The evidence and the complaints, themselves, state that the offense occurred on March 7, 1973, but the complaints are stamped filed on March 6, 1973. Although the defendant did not argue this point in his written post-trial motion, the defendant now contends that this discrepancy voids the complaint. As the State points out, this failure to raise the issue in the written post-trial motion constituted a waiver of the issue. (*People v. Irwin*, 32 Ill.2d 441, 207 N.E.2d 76.) Nevertheless, *People v. Wright*, 21 Ill.2d 547, 173 N.E.2d 451, cited by the defendant, is distinguishable because in that case it was not disputed that a police officer filed a false affidavit when he appeared before a judge at 11 o'clock in the morning on October 1, 1956, and signed an information stating the defendant was in possession of certain narcotic drugs, when in fact at the time the warrant was issued the defendant was en route from New York to Chicago by plane.

■■ No issue was made of the difference between the stamped date and that date alleged, and the proof corresponded to the date alleged. The only reasonable conclusion is that the court clerk made a mistake. The defendant has offered no other proof that the complaint was filed the day before the occurrence.

■■ Defendant contends he was not properly charged under section 24—5 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—5), which provides:

"§ 24—5. Defacing Identification Marks of Firearms. (a) Any person who shall change, alter, remove or obliterate the name of the maker, model, manufacturer's number or other mark of identification of any firearm commits a Class A misdemeanor.

(b) Possession of any firearm upon which any such mark shall have been changed, altered, removed or obliterated shall be prima facie evidence that the possessor has changed, altered, removed or obliterated the same." Amended by P.A. 77—2638, § 1, eff. Jan. 1, 1973.

The complaint charged the defendant "committed the offense of Defacing Firearm Identification Marks in that he possessed a .38-caliber automatic pistol on which the serial number had been defaced as to make it illegible in violation of Chapter 38, Section 24—5." Defendant's contention is that the complaint charged him with possession of a defaced

weapon, which is not a crime, but evidence of a crime, and that he was not charged with changing, removing, altering or obliterating the firearm identification marks. However, a complaint is to be read as a whole and where, as here, the statute is cited in the complaint, the statute and the charge are to be read together. As the court said in *People v. Harvey*, 53 Ill.2d 585, 588, 294 N.E.2d 269, the charge "which is phrased in terms of the statutory offense may be valid if the words 'so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged.'" Since the charge here refers to section 24—5 of the Criminal Code and states that the defendant had in his possession a defaced weapon, the complaint and the statute, when read together, clearly indicate the crime with which the defendant was charged.

■■  Defendant next argues that there is no rational connection between possession of a defaced weapon and the inference to be drawn therefrom by section 24—5(b), that the possessor is presumed to be the one who altered the identification marks. The State argues that common sense and experience indicate a person does not buy a firearm where the identification marks have been defaced. Defendant answers that firearms are easily and freely obtained and that the person in possession may have been unaware of the fact that the firearm was defaced until after arrest. On a factual basis, defendant argues that he had bought the weapon only 10 minutes before the officer stopped him for its possession, and that he did not have time to deface it, himself. However, we think the inference is a reasonable one; it is not an irrebuttable presumption but merely prima facie evidence which is supported by the difficulty of proving, as an initial matter, that the person in possession actually did deface the weapon. Here, although the defendant testified, he did not deny that he defaced the weapon.

■■  Defendant next contends that he did not make a voluntary and intelligent waiver of his right to jury. The point of his argument in this regard is that the assistant public defender appointed to represent him failed to discover his prior record upon which the 9-month sentence was imposed and that had the assistant public defender been aware of that record he would not have advised the defendant to waive his right to a jury and accept a bench trial. However, the assistant public defender, after a conference with the defendant, stated, "Not guilty, Jury waived." *People v. Sailor*, 43 Ill.2d 256, 253 N.E.2d 397, held that when an accused permits his attorney, in his presence and without his objection, to waive his right to a jury trial, a defendant will be deemed to have acquiesced in and will be bound by his attorney's conduct. The *Sailor* rule also applies to court-appointed counsel. (*People v. McClinton*, 4

Ill.App.3d 253, 280 N.E.2d 795.) In *People v. Davis,* 17 Ill.App.3d 127, 308 N.E.2d 34, an Assistant Public Defender waived a jury after having conferred with the defendant and this was held sufficient under *Sailor.*

Accordingly, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

Mr. JUSTICE BURKE took no part in the consideration or decision of this case.