*Decree affirmed.*

(No. 11914.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK DEMPSEY, Plaintiff in Error.

*Opinion filed April 17, 1918.*

1. CRIMINAL LAW—*crime of obtaining money by means of confidence game may be committed by a forgery.* Because the crime of forgery is proved to have been committed by the false indorsement of a note or check it does not follow that the defendant can not be found guilty under an indictment charging him with obtaining money by means of the confidence game, as such false indorsement makes the note or check such a false or bogus check as is contemplated by the statute.

2. SAME—*when there is no variance between an indictment and proof in a confidence game case.* Under an indictment charging the defendant with obtaining, by means and use of the confidence game, "fifty ($50) dollars, of the value of fifty ($50) dollars, of the money and personal goods and property" of a certain clothing store, there is no variance where the proof shows that the defendant secured an $18 overcoat, a $10 hand-satchel and $22 in money by a forged indorsement of a traveler's check.

3. SAME—*when evidence is not sufficient to identify defendant.* Where two defendants are charged with obtaining money by means of the confidence game and the only evidence to identify them is

the testimony of the two victims of the offense, who are not able to positively identify one of the defendants although they are certain of the other, the former cannot be convicted on such testimony, alone.

4. SAME—*what testimony is improper to show relationship between two defendants.* Where one of two defendants charged with obtaining money by means of the confidence game is not positively identified on the trial, testimony of a police officer that after he had arrested the defendant who was positively identified he went to his hotel and asked the manager if the man arrested had a pal and was directed to the other defendant's room is not proper to establish the relationship between the two defendants, where such conversation was out of the presence of the defendant against whom it is offered.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

JOHN G. FRIEDMEYER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, C. F. MORTIMER, State's Attorney, and EDWARD C. FITCH, (OSCAR J. PUTTING, and JOHN P. SNIGG, JR., of counsel,) for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

Frank Dempsey (*alias* James E. Campbell) and Neil J. Greenberg (*alias* Henry Russell) were indicted and convicted in the circuit court of Sangamon county for the crime of obtaining money by means of the confidence game. Dempsey, whose true name appears to be James E. Campbell and who will be referred to hereafter by the name of Campbell, has sued out this writ of error to review the judgment and record of the circuit court.

The evidence on the part of the People tended to prove that Greenberg, accompanied by another man of the type of Campbell, on May 7, 1917, purchased from the Appel Clothing Company, in Springfield, an overcoat valued at $18 and a grip or hand-bag valued at $10, and presented

to Martin Maurer, the clerk who waited upon him, a traveler's check or circular note for $50, payable to Henry Russell, issued by Thomas Cook & Sons, bankers, of Albany, New York. The clerk called the proprietor, Aaron Appel, who questioned Greenberg as to his identity. According to the testimony of Appel and Maurer, Greenberg represented himself to be Henry Russell, produced a letter of identification showing the genuine signature of Russell, and indorsed the name of Henry Russell on the back of the $50 check or circular note in the presence of Appel, who thereupon accepted the note and gave Greenberg $22 in cash. The note was cashed by the Appel Clothing Company at a bank in Springfield and in due course reached Thomas Cook & Sons, who refused to pay upon the ground that the indorsement was a forgery. It was proven that this traveler's check or circular note was issued, with others, to Henry Russell by Thomas Cook & Sons and was lost on February 17, 1917, while Russell was on board a boat bound from New Orleans to Havana, Cuba.

One of the contentions of plaintiff in error is that if a crime was committed it was forgery and not the confidence game. Under the facts proven there is no question but that the crime of forgery was committed, but it does not necessarily follow from that fact, alone, that plaintiff in error and Greenberg were not guilty of obtaining money by means of the confidence game. *People* v. *Zurek,* 277 Ill. 621.

Plaintiff in error contends that the facts proved did not show a violation of the Confidence Game statute because the instrument presented to and cashed by the Appel Clothing Company was a true and genuine instrument for the payment of money, transferable by indorsement. While it is true that this was a true and genuine instrument until the forged signature of Henry Russell was indorsed thereon, it is also true that when that false indorsement was made it became such a false or bogus check as is contemplated by the statute. It could be negotiated as a true and

genuine instrument only when it contained the true indorsement of Henry Russell. Greenberg, by the presentation of the letter of identification, which was lost by Russell at the same time he lost his traveler's checks on the Havana boat, secured the confidence of Aaron Appel and induced him to believe that he was Henry Russell. Relying solely upon representations thus made to him and upon the fact that the handwriting of Greenberg in the indorsement corresponded with the handwriting of Henry Russell on the card of iden-tification, Appel was induced to part with his money. The facts proven here clearly establish the crime of obtaining money by means of the confidence game.

It is further contended that there is a variance between the indictment and the proof. The indictment charges that plaintiff in error and Greenberg obtained from the Appel Clothing Company "fifty ($50) dollars, of the value of fifty ($50) dollars, of the money and personal goods and property of the said the Appel Clothing Company by means and use of the confidence game." The proof discloses that Greenberg secured an overcoat of the value of $18, a hand satchel or grip of the value of $10 and $22 in money. This does not constitute a variance from the charge in the indictment. Under an indictment charging a defendant with larceny of a certain amount of money the amount stolen is not required to be proved as charged in the indictment. A conviction may be obtained by proving a different amount of money and of different value from that charged in the indictment. (*People* v. *Clark,* 256 Ill. 14.) The proof that Greenberg obtained $22 in money from the Appel Clothing Company by means of the confidence game is sufficient to sustain a conviction under the indictment in this case.

Plaintiff in error insists that the evidence is not sufficient to sustain his conviction, and this contention must be sustained. Greenberg was positively identified as the man who forged the traveler's check and secured the money, overcoat and satchel from the Appel Clothing Company.

He was identified by Appel and Maurer, the only persons present who had an opportunity to see him at the time of this transaction. They also are the only persons who attempted to identify plaintiff in error, and his conviction must be sustained, if at all, upon their testimony. Maurer testified that he waited upon Greenberg and sold him the overcoat and satchel and that he was accompanied by a man of the type of plaintiff in error. He was not very positive of his identification of Greenberg, and as to plaintiff in error stated: "But as to the other man I can't say at all; I never had any business transactions with the other man and no occasion to pay any attention to him and no conversation with him." He further testified that he would not say positively that he had ever seen plaintiff in error before. Appel testified and positively identified Greenberg as the person from whom he had received the check and to whom he had given the money. He testified that the man with Greenberg looked like plaintiff in error; that he could not tell positively who the second man was, as he did his talking with the one who gave him the check; that he does not know whether plaintiff in error was there at all; that he looks like the man who was there, but that he would not on oath say that he was positive that he was the man, because he might be in error. This is, in effect, the testimony of Appel and Maurer so far as it pertains to the identification of plaintiff in error. This certainly is not sufficient evidence on which to sustain a conviction for a crime.

Greenberg and plaintiff in error were arrested in the city of Chicago, where they were stopping together at a hotel. Plaintiff in error did not testify on the trial, but Greenberg testified that they were chance acquaintances and had known one another but a few days before their arrest. Greenberg was arrested as a suspicious character on the street and the officer accompanied him to the hotel, where plaintiff in error was sick in bed as the result of a protracted debauch. This officer testified that when he arrived at the

hotel with Greenberg he took him to the desk, where he asked the manager if Greenberg had a pal, and the manager informed him that he had and gave him the number of his room. This testimony was objected to, and the objection should have been sustained as the conversation was out of the presence of plaintiff in error, and it was not a proper way to prove to the jury the relationship, if any, that existed between the plaintiff in error and Greenberg. Greenberg testified that he had taken his satchel, which was later identified as the one purchased with the bogus check from the Appel Clothing Company, to plaintiff in error's room in order to administer some medicine to him to relieve the suffering which had resulted from his drunken condition. The officer found this satchel in the room of plaintiff in error, and it contained some of the checks issued by Thomas Cook & Sons to Henry Russell and also the identification card. The officer testified that he asked plaintiff in error what they were, and that plaintiff in error answered that they were "phonies." Had Maurer and Appel been able to identify plaintiff in error as the person who accompanied Greenberg at the time the money was secured by him from the Appel Clothing Company the evidence of the Chicago police officer would be material, but without the identification of plaintiff in error as the person who accompanied Greenberg this testimony is unimportant. It is possible, as plaintiff in error claims to be the truth, that he had known Greenberg but a few days prior to the time of their arrest and that he had never been in the city of Springfield until he was brought there under arrest.

The evidence fails to show, beyond a reasonable doubt, that the plaintiff in error was the person who accompanied Greenberg at the time he secured the money from the Appel Clothing Company or that he was in any way implicated in the perpetration of this crime.

The judgment of the circuit court is reversed and the cause remanded.

                                        *Reversed and remanded.*