(No. 14862.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL SHUPE, Plaintiff in Error.

*Opinion filed December 19, 1922.*

1. CRIMINAL LAW—*verdict fixing value of stolen property as "over" $15 is sufficient.* A verdict finding the defendant guilty of receiving stolen property and finding the value of the property "to be over $15" is sufficient to sustain a judgment and sentence of imprisonment in the penitentiary, as the word "over," so used, means "more than" or "in excess of" and satisfies the statute, which requires that the property "exceed the value of $15."

2. SAME—*record may be searched to determine sufficiency of verdict.* Verdicts are not construed as strictly as pleadings, and the record may be searched in determining their sufficiency.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding.

WILLIAM REEDA, OKE L. PEARSON, and LEWIS A. HAUSCHILD, (THOMAS E. SWANSON, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and FLOYD E. BRITTON, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

This writ of error was sued out by Paul Shupe to reverse a judgment convicting him of receiving stolen property and sentencing him to the penitentiary. He and Marie Lynch, together with others named, were indicted for burglary. The second count charged defendants with receiving stolen property for their own gain knowing it to be stolen property and with intent to prevent the owner from again possessing it. The plaintiff in error and Marie Lynch were granted a separate trial from the other defendants and the

State *nollied* the burglary counts as to said two defend-
ants.   Plaintiff in error and Marie Lynch entered pleas of
not guilty.   The indictment was *nollied* as to Marie Lynch,
and plaintiff in error was tried on the charge of receiving
stolen property.   The jury found him guilty on that charge
and found "the value of the property received to be over
$15."   Motion for a new trial was overruled and plaintiff
in error sentenced to imprisonment in the penitentiary.

Plaintiff in error and Marie Lynch lived in the same
apartment at 2046 Lincoln avenue.   The night of October
19, 1921, the store of Maurice L. Silvey, at 3334 West
Madison street, Chicago, was burglarized and $20,000 worth
of furs belonging to him and about $5000 worth of furs
left by the owners at his store for repairs were stolen.
Silvey testified that there were fifteen pieces of fur left with
him by the owners for repair, among which was a Hudson
seal coat trimmed with black marten, which belonged to
Miss Stella Dyckman and was worth $300.   Witness saw
this coat about a month later at the detective bureau, and
at the same time saw there a number of other pieces of fur,
some of which he testified were his and were taken from
his store the night of October 19.   He identified a Scotch
moleskin coat, and a Japanese minkskin cape worth $225.
The moleskin coat was worth $350.   Police officer Bullard
testified that he and two other police officers went to plain-
tiff in error's apartment about four o'clock in the morning
of November 1 and told him they had information there
were stolen goods in his house and wished to search it.
Plaintiff in error let them in, and they found a Hudson
seal coat in a closet, which Miss Dyckman identified as hers
and which she had left at Silvey's for repair.   The officer
asked plaintiff in error whose coat it was, and he said it be-
longed to Miss Lynch, his housekeeper.   They arrested the
plaintiff in error and took him to the detective bureau.   He
was there asked what he knew about the fur coat he said
belonged to Miss Lynch.   He said it came in a bundle of

fur coats brought in an automobile to his house by himself and the other defendants indicted with him, from a garage on the west side. He said he imagined the other defendants had committed a burglary and the furs were brought to his house until disposed of. The officers found other pieces of the Silvey furs in possession of some of the other defendants indicted with plaintiff in error and some in the possession of persons to whom they had sold them. It is sufficient to say, that further testimony showed the Hudson seal coat, the Scotch moleskin coat, the Japanese minkskin cape and other fur pieces were furs that were stolen from Silvey's store the night of October 19, and that plaintiff in error was given $300 for the use of his flat for a place to keep the furs until they could be disposed of. He told the officers he knew the parties who had the furs could not be "on the square," because their value was too much for them to buy. The People's evidence abundantly warranted a verdict of guilty, and it is not otherwise contended. The only witness called on behalf of the plaintiff in error was Marie Lynch, who testified she had left her fur coat on a chair in the kitchen and when she woke up it was gone. She denied the coat was brought to the house with other furs on October 21.

The principal error relied on for a reversal is that the verdict was too indefinite, vague and uncertain as to the value of the property received to sustain the judgment. The verdict recited the jury found the value of the property received by plaintiff in error to be "over $15." To sustain this assignment of error a decision of the Supreme Court of Nebraska (*McCormick* v. *State,* 42 Neb. 866,) is relied on. In that case the indictment in two counts charged the defendant with larceny and knowingly receiving stolen property. The jury found the defendant guilty of larceny, and as to the value of the property stolen the verdict recited, "amount estimated of stolen property $95." The statute of Nebraska made larceny of property of $35

306-3

or upwards a felony punishable by imprisonment in the penitentiary, and the larceny of property of a less value than $35 a misdemeanor punishable by fine or imprisonment in jail. The court held the jury's "estimate" of the value of the property did not meet the requirements of the statute and did not support the judgment. Neither that nor any other case cited by plaintiff in error is in point here. By our statute (Criminal Code, sec. 239,) the crime of receiving stolen property is punishable by imprisonment in the penitentiary, except if the property "does not exceed the value of $15" the punishment is by fine and imprisonment in the county jail. The jury found the value of the stolen property received by plaintiff in error "to be over $15." The word "over," used in the connection it was used, meant "more than," "in excess of." Verdicts are not construed as strictly as pleadings, and the record may be searched in determining their sufficiency. (*People* v. *Tierney*, 250 Ill. 515; *People* v. *Patrick*, 277 id. 210.) In the last case cited the court said: "Verdicts should have a reasonable intendment and receive a reasonable construction, and should not be set aside unless from necessity originating in doubt as to their meaning, or from an immateriality of the issue found, or a failure to find upon some material issue involved."

Complaint is also made by plaintiff in error that the court permitted improper and prejudicial testimony, over his objections; also in interrogating witnesses and in assuming the functions of an advocate at times. We have examined the grounds upon which these complaints are based, and are of opinion they are without merit and are not of sufficient importance to justify discussion.

The judgment is affirmed.        *Judgment affirmed.*