(No. 28604.—

The People of the State of Illinois, Defendant in Error, vs. Renzo Taylor, Plaintiff in Error.

*Opinion filed September 19, 1945.*

RENZO TAYLOR, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM T. HENDERSON, State's Attorney, of Danville, (H. J. HASCH, of Danville, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

October 6, 1943, the defendant, Renzo Taylor, was indicted in the circuit court of Vermilion county for the crime of grand larceny on October 4, 1943. The indictment consists of three counts. Of these, the first charges defendant with stealing one white gold diamond ring and one gold ruby ring of the value of $650. The second count charges the value of the property taken to be $650, and the third "more than $15." Counsel was appointed to defend Taylor, and thereafter he pleaded guilty. The court found the value of the property taken to be $75, and sen-

tenced defendant to imprisonment in the penitentiary for a term of not less than five nor more than ten years. Defendant prosecutes this writ of error. No bill of exceptions has been filed. Defendant's assignments of error must, therefore, be considered solely upon the common-law record.

Defendant first contends that his conviction was void because the indictment is defective in a substantial form. A plea of guilty confesses merely that an accused is guilty in manner and form as charged in the indictment, and where an indictment does not charge a criminal offense in the form prescribed by the common law or the statute, the plea does not waive the right to challenge the sufficiency of the indictment either by a motion in arrest of judgment or, as here, on a writ error. Conversely, under section 9 of division XI of the Criminal Code, (Ill. Rev. Stat. 1943, chap. 38, par. 719,) technical objections to an indictment arising under strict rules of pleading must be interposed before trial and are waived by failure to move to quash or otherwise challenge the sufficiency of the indictment before trial and verdict or, where the case is tried by the court without a jury, before judgment. (*People* v. *Pond,* 390 Ill. 237; *People* v. *Fore,* 384 Ill. 455.) Here, the indictment charges, in the language of the statute, the criminal offense of the larceny of two rings. An indictment charging a crime substantially in the words of the statute itself is sufficient when a defendant is apprised, with reasonable certainty, of the precise offense with which he is charged. *People* v. *Klemann,* 383 Ill. 236; *People* v. *Gawlick,* 350 Ill. 359; *People* v. *Donaldson,* 341 Ill. 369.

Defendant next complains that the indictment is fatally defective because it charges him with the crime of larceny on October 4, 1943, when, he repeatedly asserts, but without any basis in the common-law record, that he was residing in the county jail of Vermilion county, and had been so incarcerated for four days prior thereto. A concession

that defendant's assertion is true does not aid him. An indictment must allege the commission of an offense on a certain date prior to the return of the indictment, a day which must be within the time prescribed by law for the prosecution of the offense. Here, the indictment was returned well within the period of limitation, namely, three years ordained by section 3 of division IV of the Criminal Code. (Ill. Rev. Stat. 1943, chap. 38, par. 630.) Proof of the precise date as alleged is unnecessary unless the allegation of a special time is an essential ingredient of the crime or the running of the period of limitation. (*People* v. *Livermore,* 390 Ill. 85; *People* v. *Angelica,* 358 Ill. 621; *People* v. *Anderson,* 342 Ill. 290; *People* v. *Dore,* 339 Ill. 415; *People* v. *Kircher,* 333 Ill. 200.) In the prosecution of a criminal offense, the date alleged in the indictment as the time of the commission of the offense may thus be shown to include any time within the period prescribed by law for the prosecution of the crime. A slight variance from the date charged in the indictment is immaterial. (*People* v. *Kircher,* 333 Ill. 200.) It is true that in determining the sufficiency of the indictment upon a motion to quash, the date alleged must be taken as true, and if the indictment charges the commission of the crime on a day prior to the period of limitation fixed by statute, it is bad on its face, and should be quashed. Defendant did not make a motion to quash the indictment, and had such a motion been made involving the date of the crime, it would have been of no avail to him.

Defendant's third contention is, in effect, that there is a material variance between the indictment and the proof. In particular, he directs attention to the fact that two counts of the indictment charge him with stealing property having a value of $650. He ignores the third count of the indictment alleging the value of the property taken to be in excess of $15. Apart from the fact that the contention and the supporting argument with respect to a variance between

the charge and the finding of the court with respect to the value of the property stolen do not go to the sufficiency of the indictment, defendant's third contention is not open to review upon the common-law record. Where an indictment charges a defendant with the larceny of money or property, the amount stolen or the value of the property is not required to be proved as charged in the indictment. A verdict or a finding that the value of the money or property stolen is over $15, without definitely fixing the value, supports a judgment and sentence of imprisonment in the penitentiary. Defendant is in no position to complain merely because the trial judge found the value of the property stolen to be $75 instead of $650 or merely "more than $15." *People* v. *Collins,* 332 Ill. 222; *People* v. *Shupe,* 306 Ill. 31; *People* v. *Dempsey,* 283 Ill. 342; *People* v. *Clark,* 256 Ill. 14.

The judgment of the circuit court of Vermilion county is affirmed.

*Judgment affirmed.*