(No. 30388.
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE HANKS, Plaintiff in Error.

*Opinion filed March 18, 1948.*

504

GEORGE HICKS, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (LAN HANEY, State's Attorney, of Marion, of counsel,) for the People.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

On July 24, 1929, plaintiff in error, George Hanks, was found guilty of burglary and larceny by a jury in the circuit court of Williamson County. Judgment of conviction was entered and he was sentenced to the penitentiary. He is here on writ of error to reverse that judgment. Only the common-law record is before us. Seven errors are assigned, *viz.,* (1) the record fails to show that the indictment was returned into open court; (2) the record fails to show that the defendant was formally arraigned in open court and furnished with a copy of the indictment and list of witnesses and jurors; (3) the record fails to show the impaneling of the trial jury; (4) the record fails to show that the jury retired to consider their verdict in charge of a sworn officer; (5) the record fails to show that the defendant was in open court during the entire proceeding of the trial; (6) the judgment does not contain the material findings of fact necessary to warrant the imprisonment of the defendant; and (7) the judgment discloses upon its face that the same is void.

The record as originally certified was filed herein on November 28, 1947. An additional record duly certified was filed on December 29, 1947.

From a careful examination of the entire record we find that the grand jury was duly impanelled and sworn and retired in charge of a sworn officer. Thereafter, on May 11, 1929, the grand jury came into open court in charge of a sworn officer and presented the bill of indictment, properly endorsed by the foreman, against plaintiff in error charging him with burglary and larceny. On July 22, 1929, plaintiff in error was arraigned, and was furnished with a copy of the indictment, a list of the jurors and a list of the witnesses in the case, whereupon he entered a plea of not guilty. Prior to the arraignment he informed the court that he was without counsel and unable to employ same, and the court appointed counsel to represent him. The record clearly shows that he was in court in person and by counsel at all times when anything took place relative to his case. The record shows that all jurors of the regular panel were sworn to truthfully and correctly answer all questions put to them by court or counsel touching their competency to sit as jurors in the cause; that twelve good and lawful men of said county, possessing all the legal qualifications of jurors, were chosen, selected and sworn to try the cause; that after the evidence was heard and instructions given the jury retired in charge of a sworn officer to consider their verdict and, on the same day, returned into open court, in charge of their sworn officer, with their verdict finding plaintiff in error guilty of burglary and larceny in manner and form as charged in the indictment, and found the property stolen to be of the value of $19. Plaintiff in error and his counsel were in court at the time the verdict was returned.

There is nothing to indicate that plaintiff in error was dissatisfied with the jury which tried him. We said in Schirmer v. People, 33 Ill. 275, 283, "It is further insisted the record does not show that the petit jury was legally impanelled. There was no challenge to the array, and no

objection made before trial on account of any irregularity in this respect, if there was any. It is now too late to make the objection, if it existed."

We have carefully reviewed the common-law record and the errors assigned thereon and find nothing which would justify a reversal of the judgment.

The judgment of the lower court is affirmed.

*Judgment affirmed.*