(No. 31108.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LAWRENCE DAY, Plaintiff in Error.

*Opinion filed November 22, 1949.*

LAWRENCE DAY, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and LEE E. DANIELS, State's Attorney, of Wheaton, (ROBERT J. SCOTT, of Glen Ellyn, and HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

This cause is brought here by plaintiff in error, Lawrence Day, *pro se,* on the common-law record, to review a judgment of conviction against him, entered on a plea of guilty to a charge of grand larceny in the circuit court of Du Page County.

The record shows that the indictment, which was returned June 11, 1945, consisted of four counts. The first charges theft of a motor vehicle; the second, grand larceny of the same vehicle; the third count charges tampering with the vehicle without the owner's consent; and the fourth charges driving it without the owner's consent. Plaintiff in error appeared in court on July 2, 1945, and was furnished a copy of the indictment and a list of witnesses. At the same time the court appointed Burtram E. Rathje as defense counsel. Arraignment was continued to July 16, 1945, and on that date was again continued to August 20, 1945. However, on August 6, 1945, plaintiff in error again appeared in court, along with John S. Woodward of the law firm of Rathje and Woodward, who acted as his defense counsel, and on arraignment pleaded guilty to the second count of the indictment. He persisted in the plea after admonishment by the court, who thereafter sentenced him to the penitentiary for a term of three to ten years. Counts one, three and four of the indictment were stricken on motion of the State's Attorney.

The first contention made in this court is that the indictment was faulty because the date alleged in count 1 was at variance with the dates alleged in the other three counts. Where time of commission of an offense is not of essence, precise allegation and proof of the time is not

necessary except that it must fix the crime at any time before the return of the indictment and within the statute of limitations. (*People* v. *Taylor*, 391 Ill. 11; *People* v. *Angelica*, 358 Ill. 621.) Here the indictment was returned on June 11, 1945. The date alleged in the first count was May 27, 1945, while the date in the remaining counts was May 24, 1945. The dates alleged were sufficient to meet the requirements of law; moreover, a plea of guilty is an admission of every fact properly averred in the indictment and no proof is required. (*People* v. *Conn*, 391 Ill. 190.) Plaintiff in error further urges that the indictment is faulty because of an alteration in the form of an erasure of the date in count 1. We fail to see that the question is material as that count was stricken on motion of the State's Attorney, and, as stated above, it is not necessary to prove the precise date alleged in the indictment. Furthermore, objections to an indictment which go merely to form, and not to the real merits of the offense charged, are waived if not raised on a motion to quash. We conclude that the indictment was sufficient.

Plaintiff in error next urges that his rights were infringed because his trial date was advanced without warning, with the result that the counsel regularly appointed by the court did not appear, and he was defended by emergency counsel with whom he had only a few minutes hurried consultation. There is nothing in the record to show that a trial date had ever been set, but rather only that arraignment had been continued from July 16, 1945, to August 20, 1945. The next entry shows that plaintiff in error appeared in court on August 6, 1945, and that Woodward, a partner of Rathje, the appointed defense counsel, appeared in his behalf. Plaintiff in error entered a plea of guilty without objection to his counsel and without making any request for additional time in which to prepare for trial. In the absence of such objection or request we cannot say, on this record, that the trial court

in any way abused its discretion or denied the plaintiff in error his rights. Much of the argument on which he relies to establish irregularities at his hearing arises outside the common-law record and may not be considered by this court in the absence of a bill of exceptions. The record is our only available source of information of what actually happened in the trial court, and upon appeal it imports verity and is the sole, conclusive and unimpeachable evidence of proceedings in the lower court. *People* v. *Pulliam,* 352 Ill. 318.

The judgment of the circuit court of Du Page County is affirmed.

*Judgment affirmed.*