(No. 31768.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* O. Z. CARTER, Plaintiff in Error.

*Opinion filed March 22, 1951.*

O. Z. CARTER, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Plaintiff in error, O. Z. Carter, was found guilty of robbery by a jury in the criminal court of Cook County and sentenced to the penitentiary for a term of not less than fifteen nor more than twenty years. Appearing *pro se* and presenting only the common-law record, he prosecutes this writ of error to review the judgment of conviction. He assigns seven errors which have apparently been copied verbatim from the case of *People* v. *Hanks,* 399 Ill. 503, a decision that is not even remotely connected with plaintiff in error's conviction. The assignments of error are: (1) the record fails to show that the indictment was returned in open court; (2) the record fails to show that defendant was formally arraigned in open court and furnished a copy of the indictment and lists of witnesses and jurors; (3) the record fails to show the impaneling of the trial jury; (4) the record fails to show that the jury retired to consider its verdict in charge of a sworn officer; (5) the record fails to show that the defendant was in open court during the entire proceeding of the trial; (6) the judgment does not contain the material finding of facts necessary to warrant the imprisonment of the defendant, and, (7) the judgment discloses on its face that the same is void.

A reading of the record discloses that the allegations of error are absolutely groundless, and that each point raised is affirmatively contradicted by the recitals in the record. Even allowing for the fact that plaintiff in error is not schooled in the law, it is difficult to conceive that the record could be so completely misinterpreted and misrepresented

618

as it is by his assignments of error. The fact that the errors were copied at random from another decision of this court, is, to a certain extent, illustrative of their complete lack of application to the record of plaintiff in error's conviction.

The common-law record as certified by the clerk of ·the court and filed on writ of error imports verity and cannot be contradicted except by other matters of record. (*People* v. *Flannigan,* 398 Ill. 55; *People* v. *Day,* 404 Ill. 268.) The record here does not support the errors assigned, but rather, it impeaches them, and the judgment of the criminal court of Cook County must be affirmed.

*Judgment affirmed.*