(No. 34474.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RENZO TAYLOR, Plaintiff in Error.

*Opinion filed March 20, 1958.*

RENZO TAYLOR, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, (FRED G. LEACH, and WILLIAM H. SOUTH, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Upon trial by jury in the circuit court of Vermilion County, Renzo Taylor was found guilty of burglary. He was sentenced to imprisonment for a minimum of 25 years and a maximum of life. Appearing *pro se,* he has sued out a writ of error to review the judgment. No question is presented concerning the evidence or the conduct of the trial. The contentions are limited to the validity of the indictment and its return by the grand jury.

It is insisted the indictment is defective because it alleges the offense was committed on April 26, 1956, whereas the complaint before the justice of the peace recites January 30, 1956, as the date of the offense. The court did not err in refusing to quash because of this discrepancy. In determining the sufficiency of the indictment the date alleged must be taken as true. *People* v. *Taylor*, 391 Ill. 11.

The record shows that the crime was in fact committed on January 22, 1956; and defendant argues that because of the variance between the date alleged and the date proved, the court should have granted him a new trial. There is no merit in the argument. Proof of the precise date as alleged is unnecessary unless a particular time is an essential ingredient of the crime or the running of the statute of limitations is involved. (*People* v. *Schmidt*, 10 Ill.2d 221; *People* v. *Day*, 404 Ill. 268; *People* v. *Johnson*, 404 Ill. 33; *People* v. *Angelica*, 358 Ill. 621.) Neither of these elements is present here. Moreover, it is conceded by defendant that in response to his motion for a bill of particulars the prosecutor informed him that January 22, 1956, was the actual date of the offense charged. There could have been no surprise at the trial.

Defendant complains that the indictment was returned before Frank J. Meyer, acting judge; and that there is nothing in the record to show the latter's authority to sit as a judge of the circuit court. It is also urged that the number on the indictment returned is 55 C 31, whereas the indictment upon which arraignment and trial were had is numbered 56 C 31, and that such discrepancy renders the proceedings void. These objections, which are obviously without merit in any event, were not presented to the judge who presided at the trial. They cannot be raised for the first time on review.

No prejudicial error has been shown in this record, and the judgment will therefore be affirmed.

*Judgment affirmed.*