(No. 40298.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
NANCY PATRICK, Appellant.

*Opinion filed Sept. 29, 1967.—Rehearing denied Nov. 27, 1967.*

BERRY & O'CONOR, of Streator, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and ROBERT E. RICHARDSON, State's Attorney, of Ottawa, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

On May 17, 1965, the LaSalle County grand jury returned an indictment charging the defendant, Nancy Patrick, with the crime of theft. The defendant having moved to dismiss the indictment on the ground that it insufficiently charged an offense, the circuit court ordered the indictment dismissed. On appeal by the State, the Appellate Court for the Third District, determining that the indictment was sufficient, with one judge dissenting, reversed the holding of the trial court. (75 Ill. App. 2d 93.) We have granted the defendant leave to appeal from this decision.

The disputed indictment so far as is pertinent charges that: "Nancy Patrick between the first day of April 1963 and the 21st day of April, 1965 at and within the County of LaSalle, committed the offense of THEFT in that she, knowingly obtained unauthorized control over the sum of $21,513.04, the property of the Streator TV Cable Company, a corporation, said THEFT being committed at the of-

fices of Streator TV Cable Company, a corporation, situated at 607 East Main Street, Streator, LaSalle County, Illinois, Nancy Patrick thereby intending to deprive said Streator TV Cable Company, a corporation, permanently of the use or benefit of said property."

The defendant contends that the indictment is faulty because it fails to inform the defendant of the nature and cause of the accusation against her and because of the vagueness of the charge as it relates to the time the crime was allegedly committed.

Section 9 of article II of the Illinois constitution declares that an accused in a criminal prosecution has the right "to demand the nature and cause of the accusation and to have a copy thereof." This constitutional right is aimed at assuring "that before a defendant can be put on trial there be a formal written accusation setting forth the crime with clearness and all necessary certainty to apprise the defendant of the crime with which he stands charged in order that he may intelligently prepare his defense and plead the judgment in bar of a subsequent prosecution for the same offense. (See *People* v. *Peters,* 10 Ill.2d 577; *United States* v. *Cruikshank,* 92 U.S. 542, 23 L. Ed. 588.)" *People* v. *Johnson,* 34 Ill.2d 202, 204.

Accordingly, section 111—3 of the Code of Criminal Procedure of 1963 states in part that "(a) A charge shall be in writing and allege the commission of an offense by: * * * (3) Setting forth the nature and elements of the offense charged * * *." (Ill. Rev. Stat. 1963, chap. 38, par. 111—3.) Section 114—1 relates to section 111— (a)(3) by providing that "(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds: * * * (8) The charge does not state an offense * * *." (Ill. Rev. Stat. 1963, chap. 38, par. 114—1.) Also, section 116—2 provides for an arrest of judgment after a verdict

or finding of guilty if the indictment does not charge an offense. Ill. Rev. Stat. 1963, chap. 38, par. 116—2.

Section 16—1 of the Criminal Code of 1961 provides that "A person commits theft when he knowingly: (a) Obtains or exerts unauthorized control over the property of the owner; * * * [and](1) Intends to deprive the owner permanently of the use or benefit of the property * * *." (Ill. Rev. Stat. 1963, chap. 38, par. 16—1.) Thus, the present indictment is substantially framed in the language of this statute, for, as stated, the indictment reads in part that defendant "committed the offense of THEFT in that she, knowingly obtained unauthorized control" over a sum certain in money from a named owner, "thereby intending to deprive [the named owner] permanently of the use or benefit of said property."

An indictment which charges an offense in the language of the statute is deemed sufficient when the words of the statute so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged. (*People* v. *Blanchett,* 33 Ill.2d 527; *People* v. *Sims,* 393 Ill. 238.) The statute here, section 16—1 clearly and definitively sets forth all of the essential elements of the crime of theft; namely, the proscribed act of "obtain[ing] * * * unauthorized control over property of the owner" coupled with the requisite intent "to deprive the owner permanently of the use or benefit of the property." Moreover, article 15 and section 4—4 of the Criminal Code comprehensively define the terms "obtains or exerts control", "property", "owner", "permanent deprivation" and "intent", thus rendering even more explicit the elements constituting the crime. (Ill. Rev. Stat. 1963, chap. 38, pars. 15—8, 15—1 to 15—3, 4—4.) The present indictment drafted in the language of section 16—1, and particularly charging the defendant with the "theft" of $21,513.04 from a named

owner at a particular place and at a time within the statute of limitations, advises the defendant with reasonable certainty of the precise offense charged, including its essential elements, and adequately notifies defendant of the nature and cause of the accusation against her.

The defendant also argues that the indictment is insufficient to inform her of the nature and cause of the accusation against her in that it fails to specify sufficiently when the alleged crime was committed. The premise of this argument is that the indictment charges that the crime was committed between April 1, 1963, and April 21, 1965, instead of alleging its commission on a date certain.

The contention is untenable. In *People* v. *Blanchett,* 33 Ill.2d 527, this court held that the elements of time and place in an indictment or information are "subsidiary matters" which are separate and distinct from the substantive matter of stating the nature and elements of the offense charged. This court concluded that the sufficiency of an indictment or information may not be determined by whether the charge stated as definitely as could be done the time and place of an alleged offense. (See also *People* v. *Schmidt,* 10 Ill.2d 221; *People* v. *Griffin,* 36 Ill.2d 430.) The indictment here fixed the crime alleged at a time before the return of the indictment and within the applicable statute of limitations period. This was sufficient. (See *People* v. *Day,* 404 Ill. 268; *People* v. *Taylor,* 391 Ill. 11.) Furthermore, if the single theft charged consists not of a single act, but of a series of successive takings pursuant to a single criminal intent and scheme, it may not be possible, nor is it necessary, to indicate with any more certainty than has already been done when the offense was committed. See *Ker* v. *People,* 110 Ill. 627.

An examination of the indictment discloses that the indictment is not vague as to the number of offenses committed, nor is it duplicitous as the defendant contends. Al-

leging that defendant "committed the offense of THEFT," the indictment expressly and unambiguously charges the defendant with a single offense.

The defendant could have sought more particular averments as to whether the offense charged here consisted of a single act or a series of successive takings, and as to the question of the time of the offense, assuming this could be furnished, by moving for a bill of particulars. The office of a bill of particulars is to provide more specificity of detail to supplement a sufficient indictment so as to enable an accused better to understand the nature of the charge against him or better to prepare his defense.

The defendant invokes *People* v. *Griffin,* 36 Ill.2d 430, but our holding in that case was based on a criminal complaint of reckless driving which does not resemble the indictment here. In *Griffin* the defendant was charged with having driven a vehicle "with a willful and wanton disregard for the safety of persons or property." There was nothing in the complaint to reveal the specific act of driving misconduct the prosecution would seek to prove. This court held that the defendant was entitled to notice of the particular acts relied on by the prosecution to sustain a charge of reckless driving so that he might know the "nature and elements" of the offense and be protected against double jeopardy. The indictment here particularly charges the defendant with the "theft" of $21,513.04, the property of a named owner and alleges that the theft occurred at the owner's offices, the address of which is set forth. The charge has adequate specificity and is clearly distinguishable from the complaint in *Griffin.*

We deem that the present indictment is sufficient to satisfy the constitutional and substantive statutory requirements. The judgment of the appellate court is affirmed, and the cause is remanded to the circuit court of LaSalle County for further proceedings in accordance with the views expressed herein.

*Judgment affirmed and cause remanded.*