**People of the State of Illinois, Plaintiff-Appellee, v. Willie Fleming, Defendant-Appellant.**

**Gen. No. 52,762.**

First District, Third Division.
February 19, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John R. McClory, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Defendant was indicted on two counts of theft, each involving property which exceeded $150 in value. In a jury trial he was found guilty on both counts and after a hearing in aggravation and mitigation, was sentenced to serve concurrent terms of eight to ten years. On appeal he contends: (1) the two counts should not have been joined for trial, (2) there was a material and prejudicial variance between the indictment and the evidence presented at the trial, and (3) the trial court abused its discretion in admitting into evidence certain rebuttal tes-

timony by the State. Prior to trial the defendant made a motion for severance of the two counts. The trial court denied it on the ground that joinder for trial would not be prejudicial to the interests of the accused. Thereupon the defendant moved that a mistrial be declared for failure to sever, which motion was also denied.

The first witness for the State was Pat Stefanelli, owner of a used car lot in Cicero, Illinois. He testified that defendant came to his lot on August 12, 1966, as a prospective customer and was shown a 1962 Chevrolet Impala convertible. After inspecting the automobile the defendant told the witness he would return the next day to leave a deposit on the car. When Stefanelli got to the lot the following morning, the Chevrolet he had shown the defendant was missing.

Roland Currington, a witness for the State, testified that he began negotiations with defendant in March, 1967, for the purchase of a 1962 Chevrolet Impala convertible, which resulted in his paying defendant $150 in cash and some clothing for the car. In late April, 1967 while driving the car Currington was stopped by the police. He told the police officers that he bought the car from defendant.

Police detective Barney Morgan testified that a check by the Chicago Police Department of the serial number of the car found in Currington's possession revealed it to be the same car which had disappeared from Stefanelli's lot approximately eight months earlier. With that critical link established the State rested its case in chief.

Defendant then moved for a directed verdict. When that was denied he moved for a mistrial on the ground that he was surprised by testimony that the alleged sale took place in April, 1967, rather than on March 20, 1967, the date alleged in the indictment and on which he had based an alibi defense. That motion was also denied.

Defendant on direct examination testified that he had never driven a 1962 Chevrolet and had never negotiated the sale of a car with Currington, whom he knew only as a patron of a tavern they both frequented. On cross-examination defendant testified that he had never been in a 1962 Chevrolet with one Ora Brunt and that he had once purchased a city vehicle tax sticker for a 1954 Buick but that it was stolen when the Buick was damaged by vandals. The defense then rested.

In rebuttal the State recalled Detective Morgan to the witness stand. He testified that the vehicle sticker found on the Chevrolet was registered to defendant for a 1954 Buick. Ora Brunt was then called by the State and testified that in April, 1967, defendant attempted to sell her a 1962 Chevrolet, that she rode in the car with defendant and Currington in mid-April and that she ultimately paid defendant $80 to apply on a price of $600 for the car. Objection to that testimony was interposed by defendant on the ground that it was evidence of another crime. The objection was overruled. The last witness called was George McDonald, who testified that he was employed as a mechanic and that in January, 1967, he saw the defendant driving a 1962 Chevrolet Impala convertible at the service station where he worked. He performed some minor repair work on the car at that time.

We proceed to consideration of defendant's contention that the two counts were improperly joined in that they charge separate offenses which are not part of the same transaction. Count I charged defendant with "obtaining and exerting" control over the property of Stefanelli. The evidence admitted on that count related to the circumstances surrounding disappearance of the car in August, 1966, and its sale in March, 1967, eight months later. Count II charged theft by deception in selling the same car to Currington and receiving cash and clothing in return. The evidence presented by the State in

101

support of that charge was substantially the same as that used to establish the offense set forth in Count I. The State admits in its brief that the charges relate to two separate acts, but argues that the acts were so interrelated as to constitute a single transaction.

The propriety of joining separate offenses in separate counts of a single indictment is controlled by section 111–4(a) of the Criminal Code (Ill Rev Stats, c 38, § 111–4(a) (1967)). That section reads as follows:

> "Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or on two or more acts which are part of the same comprehensive transaction."

The comments which accompany that section reveal it is intended as substantially a restatement and codification of former Illinois law. Committee Comments, Ill Rev Stats, c 38, § 111–4 (1963).

██ ██ The Illinois cases which preceded enactment of the statute establish the rule that a defendant cannot, over his objection properly made, be placed on trial in an indictment charging separate offenses when it affirmatively appears they are not part of one and the same transaction, but are separate and distinct both in law and fact. People v. Stingley, 414 Ill 398, 111 NE2d 548; People v. Borelli, 392 Ill 481, 64 NE2d 719; People v. Perrello, 350 Ill 231, 182 NE 748; People v. Gray, 251 Ill 431, 96 NE 268. A defendant cannot be forced to trial on disassociated felonies. People v. Woods, 23 Ill2d 471, 179 NE2d 11. We must determine the issue in the light of those authorities.

██ In the case at bar the two offenses charged in the indictment were separated by a period of approximately eight months. The object of the theft charged in Count I was an automobile, whereas the theft charged

in Count II involved cash and clothing. The victims of the two thefts are not linked by any general underlying scheme or plan on the part of the defendant. The only visible thread of continuity between the two offenses is that the same automobile played a role in each. Such an incidental connection cannot satisfy the plain meaning of the present statutory requirement that the separate offenses charged in a single indictment should arise out of the same "comprehensive transaction." We therefore conclude that defendant's motion for severance should have been granted. Since a new trial is necessary by reason of our holding on the defendant's first contention, we will discuss briefly the issues here joined which may arise on a second trial.

■■■ Defendant contends there was a material variance between the allegation in the indictment as to the date of the offense charged in Count II and the evidence admitted at the trial. The indictment alleges that the theft from Currington occurred on March 20, 1967, whereas the proof showed that the first payment by Currington did not occur until the end of April. Defendant urges the materiality of that error on the ground that an alibi defense had been prepared based on the date of March 20, 1967. In People v. Johnson, 404 Ill 33, 87 NE2d 864, the precise question was involved. In that case the defendant argued that he could not be guilty as charged since on the date alleged in the indictment he was in the Vermilion County jail. The court found that contention to be without merit, citing People v. Taylor, 391 Ill 11, 62 NE2d 683, for the rule that proof of the precise date as alleged is unnecessary unless the allegation of a special time is an essential ingredient of the crime or the running of the statute of limitations is involved.

■■■ It is also contended that the testimony of Ora Brunt and George McDonald was not proper in rebuttal since it failed to meet any new issue raised by the direct

evidence of defendant and was merely cumulative of the State's case in chief. The function of rebuttal evidence is to explain, repel, contradict or disprove the evidence of the adversary. People v. Bell, 328 Ill 446, 159 NE 807; People v. Karmazinas, 80 Ill App2d 322, 224 NE2d 287. When defendant took the stand in his own behalf he denied ever having driven a 1962 Chevrolet. On cross-examination he denied ever having been in such a car with Ora Brunt. The State properly offered evidence in rebuttal. People v. Davis, 10 Ill2d 430, 140 NE2d 675. That such evidence may also have been admissible in chief does not preclude its admission in rebuttal. People v. Nettles, 107 Ill App2d 143, 246 NE2d 29. The testimony of the State's witnesses in rebuttal, to the extent that it sought to rebut the defendant's testimony that he had not driven a 1962 Chevrolet, was properly admitted. The further testimony of Ora Brunt, however, relating to cash payments to the defendant for a 1962 Chevrolet relates to another offense and should have been excluded. Such testimony neither explains nor is in reply to defendant's evidence and is highly prejudicial.

Because of the errors hereinbefore set forth the judgment must be reversed and the cause remanded for such other and further proceedings as are consistent with the views herein expressed.

Judgment reversed and cause remanded.

DEMPSEY, P. J. and McNAMARA, J., concur.