*In re* INTEREST OF CHARLES E. LANDRUS, alleged delinquent minor—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CHARLES E. LANDRUS, Defendant-Appellee.)

(No. 11631;

Fourth District—September 27, 1972.

Paul R. Welch, State's Attorney, of Bloomington, (Alan L. Sternberg, Assistant State's Attorney, of counsel,) for the People.

No appearance for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the People from an order dismissing the petition to declare Charles E. Landrus a delinquent minor. The court held that the petition was fatally defective because "it has not given any time relative to when this offense was alleged to have been committed". The petition alleged that the offense occurred on or before April 22, 1971. The motion of the defendant to dismiss on the grounds stated was allowed. We reverse.

The undisputed testimony indicates that a rifle of the complaining witness was stolen from his residence sometime between February and April 24, 1971. The rifle was identified by him. Following his arrest, the defendant-minor signed a statement stating that he had entered the home of the gun owner sometime before through an open window and took one gun. Two were gone, but the defendant denied taking more

than one. It was the trial court's opinion "at least some time has to be alleged that this happened, during or over a space of time, so the defendant will know what he is required to defend. For that reason, the motion is going to be allowed and the petition is dismissed". In treating the petition as fatally defective, the trial court misapprehends the applicable rule.

■■ In *People v. Taylor*, 13 Ill.2d 215, 148 N.E.2d 761, the Supreme Court stated at p. 216: "Proof of the precise date as alleged is unnecessary unless a particular time is an essential ingredient of the crime or the running of the statute of limitations is involved. Neither of these elements is present here." This follows the holding in *People v. Day*, 404 Ill. 268, 88 N.E.2d 727; *People v. Blanchett*, 33 Ill.2d 527, 212 N.E.2d 97; *People v. Ackerson*, 37 Ill.2d 117, 224 N.E.2d 849; *People v. Patrick*, 38 Ill.2d 255, 230 N.E.2d 843. Likewise Ill. Rev. Stat. 1971, ch. 38, par. 111—3(4), requires that a criminal charge shall state "the date and county of the offense as definitely as can be done; * * *". According to this record on or about April 20, 1971, the complaining witness learned that the defendant had sold a gun to his uncle in Paris. He checked his gun collection and found that two were missing. He immediately contacted the sheriff's office. On April 24, the defendant was arrested and questioned. Neither the defendant nor the owner of the gun nor the State's attorney's office knew the precise date when it was taken, but the defendant in his statement admitted entering the building at sometime earlier. The date of the offense is stated as definitely as can be and is within the statute of limitations. It is clear that the petition is adequate and the proof sufficient. Accordingly, the judgment is reversed and the cause is remanded to the trial court with directions to vacate the order of dismissal and proceed to a proper determination on the merits.

Reversed and remanded with directions.

TRAPP, P. J., and SIMKINS, J., concur.