THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DELORES ESTELL HALL, Defendant-Appellant.

First District (1st Division)    No. 62728

Opinion filed July 12, 1976.

Zedrick T. Braden, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (James B. Zagel, Jayne A. Carr, and Steven J. Rosenberg, Assistant Attorneys General, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, Delores Estell Hall, was found guilty on each of 18 counts of violating section 13 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 452), in that as a "person engaged in the business of selling tangible personal property at retail" she failed to file the Retailers' Occupation Tax returns required by section 3 of the Act (Ill. Rev. Stat. 1973, ch. 120, par. 442). The 18 counts covered the 18 months from June, 1973 to November, 1974. Also, defendant was found not guilty of violating section 13 on the charge of engaging in the business of selling tangible personal property at retail after her Certificate of Registration had, in accordance with section 2b (par. 441b), been revoked on October 1, 1974.

Defendant raises four issues on appeal. First, she claims the wording of the section of the statute under which she was convicted, which was also used verbatim in the complaint, was indefinite because it failed to define "person engaged in the business of selling tangible personal property at retail." The State construes this argument to mean that defendant is contesting the sufficiency of the charge and claims the issue has been waived because it is raised for the first time in this court and, if not waived, the charges were specific enough to enable defendant to prepare a defense and allow a conviction on the charge to be pleaded in bar of subsequent prosecutions for the same offense.

■■ Addressing the issue as we believe defendant has presented it, the statute is not invalid because of vagueness. The words "person" and "sale at retail" as used in sections 13 and 3 are clearly defined in section 1 (par. 440) of the same act. These sections are part of the Retailers' Occupation Tax Act and are to be read together. The legislature need not repeat the definition of a term, once defined, each and every time that term is used in an act. To require otherwise would be illogical, needless repetition.

■■ Defendant's specific objection to the wording of the section is that it is not clear whether one isolated sale of personal property would

require the filing of a return. This somewhat frivolous argument is negated by the words "business of selling" and by the title of the Act, "Retailers' *Occupation* Tax Act." One isolated sale is not a "business" nor an "occupation" as those words are commonly understood. Section 1 (par. 440) specifically provides that "The isolated or occasional sale of tangible personal property at retail by a person who does not hold himself out as being engaged (or who does not habitually engage) in selling such tangible personal property at retail * * * does not constitute engaging in a business of selling such tangible personal property at retail within the meaning of this Act." Ill. Rev. Stat. 1973, ch. 120, par. 440.

■■ Whether the charges were stated sufficiently in the complaint is a separate question. It was not waived by defendant as the State claims. The State relies on section 114—1(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 114—1(b)):

> "The court shall require any motion to dismiss to be filed within a reasonable time after the defendant has been arraigned. Any motion not filed within such time * * * shall not be considered by the court and the grounds therefor, except as to subsections (a)(6) and (a)(8) of this Section, are waived."

Subsection (a)(8), not quoted or referred to by the State, reads: "The charge does not state an offense." Under subsection (a)(8), defendant's claim that the complaint, by using the words of the statute, ambiguously describes the charge against defendant, is not waived.

■■ But defendant's failure to raise the question below requires the sufficiency of the complaint to be judged by a different standard.

> "We are not here presented the question and we do not decide whether this complaint could withstand a pretrial motion filed pursuant to section 114—1 or a motion in arrest of judgment filed pursuant to section 116—2 of the Code of Criminal Procedure. While we do not approve of any failure to comply strictly with the explicitly stated requirements of section 111—3 of the Code of Criminal Procedure, the sufficiency of a complaint attacked for the first time on appeal must be determined by a different standard, * * *.
>
> When attacked for the first time on appeal a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. *People v. Grant*, 57 Ill. 2d 264; *People v. Harvey*, 53 Ill. 2d 585." (*People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437. See also *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456.

The record clearly shows that the wording of the complaint did not

hinder defense counsel in preparing a defense. Throughout the pretrial motions to suppress, the trial itself and the post-trial motion for a new trial, defendant and defense counsel treated the complaint as charging defendant with failure to file Retailers' Occupation Tax returns. The ambiguity in the statute that defendant complains of here was never made an issue at trial. No claim was made by defendant that she only made one sale. Her defense impliedly admitted otherwise. She only claimed she did not run the business any longer. A complaint

" * * * which charges an offense in the language of the statute is deemed sufficient when the words of the statute so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged." *People v. Patrick* (1967), 38 Ill. 2d 255, at 258, 230 N.E.2d 843.

The complaint was also sufficient to be pled in bar to any future prosecution. Each count covered a specific month, which was clearly stated. This and the record of the evidence at the trial are sufficient to bar any future attempt to prosecute for the same offenses. *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456.

■■ Defendant's second and third issues are that the trial court erred when it refused to suppress the identity of the defendant and any information given by defendant to the Illinois Department of Revenue. Defendant claims these items should have been suppressed because she was never given warning of her constitutional rights as required under *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 694, 86 S. Ct. 1602. These two contentions are briefly disposed of by reference to two recent decisions, *Beckwith v. United States* (1976), ___ U.S. ___, 48 L. Ed. 2d 1, 96 S. Ct. 1612, and *People v. Myers* (1976), 39 Ill. App. 3d 411, 349 N.E.2d 658, wherein it was held that the *Miranda* warnings are not required in this type of noncustodial interrogation.

Defendant's fourth issue is that the State failed to prove her guilt beyond a reasonable doubt. We agree. Defendant introduced into evidence an executed lease, dated March 15, 1972, of the business property to Olever Hudson and Joe Davis and an executed purchase agreement, of the same date, whereby defendant sold all the stock, fixtures and equipment of the business to Olever Hudson and Joe Davis. Also introduced were copies of utility bills for various dates in 1972, 1973 and 1974, sent to Joe Davis at the tavern's address, copies of rent receipts for 1972 and 1973 made out to Joe Davis, and a classified ad in a newspaper of general circulation dated April 20, 1972, stating: "NO LONGER affiliated with Fred's Tavern, 1435 S. Sangamon. Responsible for my debts and signature only as of 4-14-72. Dolores Hall." The president of the insurance agency which issued dram shop insurance to

the business testified that Joe Davis paid the down payment on a policy and some of the finance payments on it. The evidence the State relies on consists of two statements made by defendant which the State claims were admissions. At trial, a Department of Revenue investigator testified that defendant " * * * admitted that she had not filed returns." The second statement came in response to a question the prosecutor asked defendant:

"Q. Did you tell her [a Department of Revenue investigator] at that time that you were still the owner of the tavern, that another gentlemen was running it for you?

A. Yes, sir."

We find that these two statements were not inconsistent with the evidence presented by defendant showing that she had leased the business. She did not file the returns because she felt she was not engaged in the business of selling tangible personal property at retail. Her statement that she owned the tavern but didn't run it was consistent with her claim that, while she owned the building, her only connection with the business was that of lessor of the property.

■■ The State argues that a lessor of property is liable for the taxes. We find this argument to be without merit. The State has not pointed to any authority for this contention and we have been unable to find any. We do not believe the legislature intended the Retailers' Occupation Tax Act to be construed as the State contends. The liability for the tax is clearly placed on the person who is engaged in the "business of selling tangible personal property at retail" and not on those who lease property used in a business run by the lessee. Other than the collection of rent, the lessor would generally have no connection with the business, would not qualify for a certificate of registration under the Retailers' Occupation Tax Act and would be unable to even compute the tax due, since he would not have possession of the books and records of the business.

In our opinion, the evidence presented by defendant clearly raises a reasonable doubt of her guilt. Where, in the opinion of the reviewing court, there exists a reasonable doubt of defendant's guilt, the conviction will be set aside. *People v. Gokey* (1974), 57 Ill. 2d 433, 438, 312 N.E.2d 637; *People v. Harling* (1975), 29 Ill. App. 3d 1053, 1057, 331 N.E.2d 653.

Judgment reversed.

GOLDBERG, P. J., and SIMON, J., concur.