THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* OSCAR TURNER, JR., a Minor, Respondent-Appellant.

First District (5th Division)   No. 78-447

Opinion filed November 17, 1978.

James J. Doherty, Public Defender, of Chicago (Geraldine V. Biggs and Frances G. Sowa, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Carol A. Kearney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

Respondent was adjudicated delinquent and placed on probation for a period of one year. On appeal, he contends that the trial court erred in finding him delinquent based upon proof of a crime occurring after the filing of the delinquency petition. We reverse.

The undisputed evidence indicates that the petition for adjudication of wardship was filed on the morning of November 6, 1976. The petition alleged that respondent had committed the offenses of battery (Ill. Rev. Stat. 1973, ch. 38, par. 12—3(a)) and resisting a police officer (Ill. Rev. Stat. 1973, ch. 38, par. 31—1) on or about November 5, 1976. The State later amended the petition to charge aggravated battery (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(6)). At the hearing on the petition, Officer Melvin Duncan testified that at approximately 10:45 p.m. on November 6, 1976, while he and his partner were driving eastward on 79th Street, he observed respondent and another male walking behind a restaurant. He asked his partner to stop the car and then told the two individuals that he wanted to talk to them. When respondent refused to tell the officers his birth date, Duncan told him that he was going to take him to the police station. He then began handcuffing respondent. When he asked respondent to turn around, respondent swung his left arm and hit Duncan across the nose with the cuffs. Respondent then fled into the restaurant. Duncan and his partner followed him and, after exchanging blows, placed him under arrest. After Duncan's testimony, the State rested its case. Respondent also rested without calling any witnesses.

After the trial court had adjudicated respondent delinquent, he made a motion for a new trial and a motion in arrest of judgment. At the hearing on these motions, the State stipulated to the fact that respondent had been in custody since 3:45 a.m. on November 6, 1976. Upon the State's request, the court included a copy of Duncan's police report in the record. The report indicated that the charged offenses occurred at 10:45 p.m. on November 6, 1976. After hearing arguments, the court denied the motions and placed respondent on probation for one year.

OPINION

Our decision in this case is controlled by the Illinois Supreme Court's decision in *People v. Wright* (1961), 21 Ill. 2d 547, 173 N.E.2d 451. In *Wright*, defendant was charged by information with possession of narcotics in the city of Chicago. The undisputed testimony indicated that defendant could not have committed the crime at the time of the filing of the information because he was in New York. He was not arrested until he

later returned from New York. The *Wright* court reversed defendant's conviction based on the evidence that the information had been filed prior to the time any offense had been committed.

Similarly, in the present case, the petition has been filed prior to the time of occurrence of any offense proven at the hearing. The petition was filed on the morning of November 6, 1976. The undisputed testimony at the hearing indicates that the offenses occurred at 10:45 p.m. on November 6, 1976. Duncan's police report also indicates that the offenses occurred at 10:45 p.m. on November 6, 1976. Since it was stipulated that respondent was in custody from 3:45 a.m. on November 6, 1976, until the time of the hearing, we find it impossible, on this record, to hold respondent responsible for the offenses charged.

The State contends that *Wright* is not controlling in this case. They rely upon dictum in an appellate court opinion (*People v. Baez* (1974), 20 Ill. App. 3d 896, 898, 314 N.E.2d 258, 259) and upon a number of simple variance cases in which it was stated that proof of the precise date as alleged is unnecessary. *People v. Patrick* (1967), 38 Ill. 2d 255, 230 N.E.2d 843; *People v. Taylor* (1958), 13 Ill. 2d 215, 148 N.E.2d 761; *People v. Taylor* (1945), 391 Ill. 11, 62 N.E.2d 683; *People v. Fleming* (1970), 121 Ill. App. 2d 97, 257 N.E.2d 271.

Each of the cases cited by the State is factually distinguishable from the present case. In *People v. Patrick* (1967), 38 Ill. 2d 255, 230 N.E.2d 843, there was no issue concerning any disparity between the date proven and the date of filing. In *People v. Taylor* (1958), 13 Ill. 2d 215, 148 N.E.2d 761, the date proven preceded the date alleged in the indictment. In *People v. Taylor* (1945), 391 Ill. 11, 62 N.E.2d 683, there was no indication of what date was proven by the facts. In *People v. Fleming* (1970), 121 Ill. App. 2d 97, 257 N.E.2d 271, there was no indication of when the indictment was filed. Since these cases did not decide the precise question raised here, they cannot be relied upon as support for our decision in this case.

The State also contends that "the only reasonable conclusion in the present case is that the police officer made a mistake when he testified." They theorize that since the charged offenses occurred late in the day on November 5, and respondent was placed in custody on November 6, Duncan confused the dates when he filled out his report. They also suggest that Duncan testified as he did at the hearing because he used the report to refresh his memory.

We find that the State's contention is mere speculation. Although the petition does allege that the offenses occurred on November 5, 1976, there is no evidence on the record to support the State's contention. The only evidence on the record is that the offenses occurred at approximately 10:45 p.m. on November 6, 1976. Consequently, we hold that where there

is no evidence that respondent committed an offense prior to the filing of a petition, he cannot be found delinquent on the basis of such an offense.

For the foregoing reasons, the judgment of the trial court is reversed.

Reversed.

SULLIVAN, P. J., and LORENZ, J., concur.